**FUNDERBURK et ux. v. DOFFLE-MYER et al.**

No. 9925.

Court of Civil Appeals of Texas. Austin.

Nov. 15, 1950.

Rehearing Denied Dec. 6, 1950.

Hammett & Lynch, Lampasas, for appellants.

Senterfitt, Crump & Jameson, Wm. S. Jameson, San Saba, for appellees.

HUGHES, Justice.

Appellants E. L. and Ora Lee Funderburk, husband and wife, sued the San Saba National Bank and W. C. Dofflemyer to cancel a deed from appellants to the Bank, dated October 26, 1936, which deed purported to convey 97½ acres of land out of Y. Gortary League, Survey 11, in San Saba County. Dofflemyer purchased the land from the Bank.

The grounds relied upon for cancellation were: (1) that the deed of October 26, 1936, while in the form of a deed was in fact a mortgage; (2) that the land described in such deed had been used and occupied by appellants as their homestead from August 1921 continuously to the filing of this suit, and that such deed was void because there was no privy examination of Mrs. Funderburk when she signed and acknowledged the deed; and (3) that appellees perpetrated a fraud upon Mrs. Funderburk by representations made at the time she signed the deed, to the effect that the instrument was only a mortgage.

Appellants prayed that the deed be declared a mortgage and that the mortgage then be declared void, and, in the alternative, that the deed be declared void and in all events that they recover the lands and have an accounting.

Judgment was rendered for appellees upon the jury's verdict.

The jury found that the deed in question was not intended as a mortgage but that the notary did not comply with the statute in taking the wife's acknowledgment.

On the issues concerning fraud the jury found that misrepresentations were made by

the Bank's attorney to Mrs. Funderburk, but that he was not acting within the scope of his employment in making them.

Issues based on the 3, 5, and 10-year statutes of limitation were answered favorably to appellees.

The homestead issues which, as will be seen, render all fact findings favorable to appellants immaterial if properly answered against appellants, were so answered adversely to them.

We will explain this statement.

It is undisputed that on December 22, 1928, appellants owned but did not physically live on the land in suit; that on such date Mr. Funderburk executed a deed of trust on this land in favor of the San Saba National Bank. The deed of October 26, 1936, was executed in consideration of the cancellation of the debt secured by the deed of trust of December 22, 1928. If then the 97½ acres was not the homestead of appellants on December 22, 1928, the deed of trust lien of that date was valid and the husband effectively transferred full title to the land by the deed of October 26, 1936, even though the deed was void as to the wife. Travelers Ins. Co. v. Anderson, Tex.Civ. App., 89 S.W.2d 428 (Waco, Writ Ref.); Faine v. Wilson, 209 S.W.2d 427 (Galveston, Writ Ref. N.R.E.).

The jury found that on December 22, 1928, the 97½ acres did not constitute the residence homestead of appellants. It also found that on the same date a house and lot in San Saba constituted their residence homestead. Special Issue No. 8 inquiring, "Do you find from a preponderance of the evidence that on December 22, 1928, plaintiffs then intended to return to and to use, occupy and did then claim the 97½ acres of land in question as their residence homestead?" was answered "No" by the jury.

Answering other issues the jury found that Mr. Funderburk executed the deed of trust of December 22, 1928, in good faith; that the Bank relied upon the town lot homestead designation contained in such deed of trust, and but for such reliance would not have granted Mr. Funderburk the extension of credit evidenced by the deed of trust.

Appellants requested the court to disregard the findings of the jury on the homestead issues, "because as a matter of law the farm homestead had not been abandoned," and this is made the basis of their first point.

Under this point appellants argue that there was either no evidence that the farm was not their homestead on December 22, 1928, or that the verdict of the jury, on this question, was so against the overwhelming weight of credible testimony as to be manifestly wrong.

Mr. and Mrs. Funderburk each testified at length concerning their homestead claims and what their intentions were in buying a place in town and in moving from the farm. It is undeniable that their testimony created fact issues for the jury. However, they were each interested witnesses and even though testimony was not categorically denied or refuted by some other witness the matter was still for the jury.

The only disinterested witness in behalf of appellants was Mr. E. A. Tomlinson. He testified that he lived on the Funderburk farm for two years, was gone for a year and then returned to the farm. He rented the farm for one year on shares and bought Mr. Funderburk's team and all of his farming tools. He wanted the farm for longer than one year but Mr. Funderburk was unwilling, saying that "he might want to go back there any time."

We do not consider the testimony of Mr. Tomlinson to be conclusive on the homestead issues.

We will briefly review the evidence supporting the jury's verdict.

On December 22, 1928, (date of deed of trust) appellants did not live on the farm. On this date they actually lived in the town of San Saba in a residence which they owned.

The deed of trust given by Mr. Funderburk to the Bank on December 22, 1928, contained a recitation that "the above de-

scribed tract of land forms no part of my homestead, my said homestead being a lot and residence in the City of San Saba, Texas, upon which said lot I now reside and have my home."

When appellants moved from the farm to town Mr. Funderburk procured work with the State Highway Department, and, as related by Mr. Tomlinson, sold his team and farm equipment.

The evidence also shows that the farm and the town property were of about equal values and thus the Bank's mortgage would have been worth as much on the town property as on the farm.

With the husband representing that the homestead was in town where he, his wife, and family were living, it would have been very risky, to say the least, for the Bank to conclude that the farm was the homestead and insist on taking a mortgage on the town property.

The answers of the jury to the homestead questions, in our opinion, are well supported by the evidence and we are without power to disturb them. We, therefore, overrule appellants' first point.

In view of the conclusion just stated, it is not necessary to consider any other point made by appellants except point two, which complains of the failure of the trial court to submit their requested special issue reading: "Do you find from a preponderance of the evidence that the Plaintiff E. L. Funderburk and wife, Ora Lee Funderburk, had abandoned the land in question herein as their homestead on December 22, 1928?"

Removal from the homestead coupled with an intention not to return constitute an abandonment of the homestead. 22 Tex. Jur., pp. 71-76, and many cases there cited.

It was undisputed that appellants had removed from the farm and did not reside on it on December 22, 1928. The only controversial element of abandonment was their intention. This issue was fairly and adequately submitted to the jury in special issue No. 8, and was answered adversely to appellants. There was no need for the trial court to twice submit the question of aban-

donment and we overrule appellants' second point.

All other issues being immaterial and having found no error in the record, the judgment of the trial court is affirmed.

Affirmed.