TEXAS EMPLOYERS INSURANCE ASSOCIATION V. J. H. FORD

No. A-4671. Decided July 21, 1954.
Rehearing overruled October 6, 1954.
(271 S.W. 2d Series 397).

*Camp & Camp* and *Emory B. Camp,* of Cameron, *Julian C. Clopton* and *A. E. Wood,* both of Austin, for petitioner.

The Court of Civil Appeals erred in holding that the trial court did not commit error in overruling petitioner's motion for an instructed verdict. Employers' Liability Assurance Corp. v. Young, 146 Texas 168, 204 S.W. 2d 833; Aetna Casualty & Surety Co. v. Davis, 196 S.W. 2d 35; Federal Underwriters' Exchange v. Stewart, 109 S.W. 2d 1031, error dismissed.

*Jack W. Prescott,* of Cameron, for respondent.

In reply to petitioner's contention cited Texas Emp. Ins. Assn. v. Lightfoot, 139 Texas 304, 162 S.W. 2d 929; Southern Underwriters v. Boswell, 138 Texas 255, 158 S.W. 2d 280; Federal Underwriters Exchange v. Porterfield, 182 S.W. 2d 847, ref. W.O.M.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This suit was brought under the Workmen's Compensation Law. Petitioner, Texas Employers' Insurance Association, was the insurance carrier, Lay Construction Company the employer, and respondent, J. H. Ford, the employee. Based upon answers of the jury to special issues, the trial court rendered judgment in favor of the employee for compensation for 300 weeks at $21.00 per week. The trial court's judgment was affirmed by the Court of Civil Appeals. 267 S.W. 2d 191.

The controlling question is whether the court employed the correct method for determining respondent's average weekly wages. Subsections 1, 2 and 3 of Section 1, Revised Statutes, Article 8309, prescribe the method of fixing the average weekly wages of an employee. Subsection 1 prescribes the manner for determining the average weekly wages where the injured employee has been working substantially the whole of the year immediately preceding the injury. Subsection 2 prescribes the method when Subsection 1 is not applicable, but when an employee of the same class has worked substantially the whole of the year immediately preceding the injury in the same or a similar employment in the same or a neighboring place. Subsection 3 reads as follows:

"When by reason of the shortness of the time of the employment of the employee, or other employees engaged in the same class of work in the manner and for the length of time specified in the above Sub-sections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the Board in any manner which may seem just and fair to both parties."

Respondent's average weekly wages were fixed under Subsection 3. It appears that the amount of the award was determined in this manner: The jury found that an average weekly wage of $40.00 would be just and fair to both parties; that respondent sustained permanent, partial injuries; and that his average weekly earning capacity through the duration of his incapacity would be $5.00. By subtracting $5.00 from $40.00 and taking 60% of the remainder the court fixed his compensation at $21.00 per week.

■ In answer to a special issue the jury found that no employee of the same class as respondent had worked in the same or in a similar employment in the same or a neighboring place for substantially the whole of the year immediately preceding the date of respondent's injury. Petitioner objected to the issue on

the ground that there was no evidence authorizing its submission. In our view the objection should have been sustained.

The applicable rule of law is well established. As generally stated, it is that the burden is upon the compensation claimant to show by competent evidence that his average weekly wages cannot be computed under either Subsections 1 or 2 before resort may be had to Subsection 3. American Employers' Insurance Co. v. Singleton, Texas Comm. App., 24 S.W. 2d 26; Texas Employers' Insurance Assn. v. Roberts, 135 Texas 123, 139 S.W. 2d 80; Robinson v. Texas Employers' Insurance Assn., 261 S.W. 2d 217, writ refused.

We assume, without deciding, that Subsection 1 was eliminated as a method of fixing the axerage weekly wage. Since, in our view, there was no evidence eliminating Subsection 2, and the case must be remanded generally for that reason, it is unnecessary to write on the more uncertain question of whether Subsection 1 was eliminated.

When respondent rested his case, petitioner filed a motion for an instructed verdict on the ground that there was no evidence as to the average weekly wages of respondent. At that stage of the trial there was clearly no evidence whatever which would have authorized a judgment in favor of respondent for any amount. The court overruled the motion for an instructed verdict and permitted the respondent to reopen his case. Thereupon respondent was called back as a witness, but his evidence wholly failed to show that his average weekly wages could not be computed under Subsection 2. The nearest approach which he made to the question is reflected by the following from his testimony:

"Q. Do you know any of the employees who were working for Lay Construction at that time?
"A. Yes, sir.
"Q. Do you know if any of those employees had worked for Lay Construction Co. for a period of a year preceding your accident?
"A. No, sir.
"Q. Do you know if any employees in the same or similar employment in this neighborhood had been working for a year in that type of employment in which you were engaged?
"A. No, sir."

The substance of that testimony is that the respondent did not know whether any facts existed which would enable the

court to determine his average weekly wages under Subsection 2. Furthermore, two of petitioner's witnesses testified that they had worked for Lay Construction Company many years, but they were not interrogated to determine whether or not they or any other employees were doing the same class of work as respondent or as to the amount of their earnings. Petitioner owed no duty to ask those questions.

■ It is important that the provisions of these various subsections be followed. The Workmen's Compensation Law arbitrarily sets up standards by which compensation is to be paid. The spirit of the law is to apply that standard to all employees alike and not to leave it to the discretion of the jury to determine what in its opinion would be just and fair. Resort to Subsection 3 should never be permitted unless by competent testimony Subsections 1 and 2 have been eliminated. The evidence in this case clearly does not eliminate Subsection 2. The case should therefore be retried.

The judgments of both courts below are reversed, and the cause remanded to the trial court.

Opinion delivered July 21, 1954.

Rehearing overruled October 6, 1954.