**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Fay L. JONES, Appellee.**

No. 10330.

Court of Civil Appeals of Texas.

Austin.

July 6, 1955.

Rehearing Denied July 27, 1955.

This is a Workman's Compensation case. The employee is Fay L. Jones, appellee. The insurance carrier is appellant, Texas Employers' Insurance Association.

Based upon a jury verdict the court rendered judgment for appellee for compensation for permanent partial incapacity to work.

It is our opinion that this cause must be reversed and remanded because essential findings of the jury are either in irreconcilable conflict or they are unintelligible.

Special Issue No. 9 together with the jury's answer follows:

"From a preponderance of the evidence, what do you find to be the difference, if any, between the average weekly wage, if any, of the Plaintiff before the accidental injury, if any, received by him on or about April 26, 1951, and the average weekly wage earning capacity, if any, of the Plaintiff during such period of partial incapacity, if any? Answer $60.00."

This issue submits the statutory measure of compensation (subject to $25.00 per week maximum) for partial incapacity. Art. 8306, § 11, V.A.C.S.

In order for the jury to answer this issue it must have first determined what the average weekly wage of appellee was before the injury and what his average weekly wage earning capacity was during the existence of his partial incapacity. The jury necessarily must have determined that appellee's average weekly wage before his injury was at least $60 if the $60 difference found by the jury is taken to mean, as the trial court construed such finding, that he suffered to such extent.

The statute, however, is very explicit in providing how the average weekly wage of an employee is to be determined. Three methods are set out and resort cannot be made to the third method until the other two have been eliminated by competent testimony. Section 1, Art. 8309, V.A.C.S. Texas Employer's Ins. Ass'n v. Ford, Tex., 271 S.W.2d 397.

---

Runge, Hardeman, Smith & Foy, San Angelo, for appellant.

John J. Watts, Bill Kimbrough, Odessa, for appellee.

HUGHES, Justice.

The trial court submitted to the jury all three methods of determining appellee's average weekly wage. The jury eliminated the first two methods and found under the third method as shown by Special Issue 17 and its answer:

"What amount of money, if any, do you find from a preponderance of the evidence to be just and fair to both the Plaintiff and the Defendant to be fixed as the average weekly wage of the Plaintiff? Answer $25.00."

It is obvious that there is a conflict between issues 9 and 17 as to the amount of appellee's average weekly wage.

■ Appellee suggests that it would be proper to disregard Special Issue 17. This we cannot do because it is of equal dignity with Special Issue 9 and relates to an essential matter.

■ Appellant would have us reconcile Special Issues 9 and 17 by construing Special Issue 9 as a finding that appellee's earning capacity has been *increased* $60 per week as a result of his injury. There is technical and mathematical logic in appellant's argument on this point but to follow it would, in our opinion, result in an absurdity. Our duty is to administer justice, not to indulge in absurdities however logical the reasoning by which they may be reached.

This argument does, however, illustrate our statement that if findings 9 and 17 are not in conflict then the verdict is unintelligible.

■ Upon retrial we suggest that Issue No. 9 be reframed so as to inquire only as to the average weekly wage earning capacity of appellee in substantially the same form as shown in appellant's requested Issue No. 4. The difference between the answer to such issue and the findings fixing the amount of appellee's average weekly wage will be a matter of simple calculation and will eliminate possibility of a recurrence of the present dilemma.

Other points concerning the argument made by appellee's attorney to the jury need not be discussed as such argument will not likely recur in the same manner.

The judgment of the trial court is reversed and this cause remanded.

Reversed and remanded.