Buck C. YOUNG

v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Inc.**

No. 7124.

Court of Civil Appeals of Texas.
Amarillo.

Nov. 6, 1961.

Rehearing Denied Dec. 18, 1961.

Woodruff, Hill & Bader, Dallas, Clyde Elliott, Jr., Canton, for appellant.

William M. Jones, Dallas, Long, Maroney & Aronson, Austin, for appellee.

DENTON, Chief Justice.

This is a case in which the appellant, Buck C. Young, sought benefits under the Workmen's Compensation Act. It is undisputed that Young was injured while employed by Canton Motors while he and

another employee were attempting to start a tow tractor by pushing it with a wrecker. The jury found Young suffered temporary total disability for 300 weeks and permanent partial disability thereafter. Although the claimant's petition alleged in the alternative the three subsections of Article 8309, Section 1, Vernon's Ann.Civ.St., which deals with average weekly wages, the case was submitted only under Subsection (1) of that Section. In response to Special Issue No. 12 the jury found Young had worked in the employment in which he was working at the time of his injury for the same or another employer in the same or neighboring place, for substantially the whole of the year next preceding the date of his injury. The jury further found in Special Issue No. 13 that Young's average weekly wage during such employment referred to in Special Issue No. 12 was $150.-00. The trial court sustained the insurance carrier's motion to disregard the jury findings in Special Issues Nos. 12 and 13 on the basis that there was no evidence to support them, and entered judgment denying Young recovery.

■ The controlling question is whether there was any evidence of probative force to support the jury finding that Young was employed substantially the whole of the year under Subsection (1). In order to sustain the trial court in disregarding these findings, there must be no evidence of probative force supporting them. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Rule 301, Texas Rules Civil Procedure.

■ ■ Appellant tried the case solely on the theory he had worked substantially the whole of the year in the employment in which he was working at the time he received his injury. No evidence was offered concerning average weekly wages under Subsections (2) and (3) of Art. 8309, Sec. 1. Having elected to proceed under Subsection (1), appellant's right of recovery must be determined under this subsection only. Traders & General Ins. Co. v.

Yarbrough (Tex.Civ.App.) 181 S.W.2d 305 (writ refused w. o. m.); Texas Employers' Ins. Ass'n v. Allgood (Tex.Civ.App.) 252 S.W.2d 589, (refused n. r. e.). The claimant has the burden of proving by competent evidence his applicable wage rate under one of these subsections. American Employers' Ins. Co. v. Singleton (Tex. Com.App.) 24 S.W.2d 26. As stated by our Supreme Court in Texas Employers' Ins. Ass'n v. Ford, 153 Tex. 470, 271 S. W.2d 397:

"It is important that the provisions of these various subsections be followed. The Workmen's Compensation Law arbitrarily sets up standards by which compensation is to be paid."

■ There is no real controversy over Young's work record during the year preceding his injury on November 12, 1959. Young himself testified that in the year under consideration he farmed, raised cattle, delivered newspapers, and began working for Canton Motors in August or September of 1959. Appellee stipulated that Young was injured while in the scope of his employment with Canton Motors. Young had quit his farming operations when he began working for the motor company, but continued raising and selling cattle and delivering newspapers. He received $50.00 per week as an employee of the motor company. The evidence showed he earned approximately $3,000.00 from his farming operations during the preceding year; $250.00 per month raising and selling cattle, and $175.00 per month delivering newspapers. Appellee made no serious effort to challenge these figures

■ It is appellant's contention that these various occupations and earnings therefrom are to be considered together in bringing Young under Subsection (1) and in computing his average weekly wage thereunder. As we understand it, appellant's position is that these other occupations are so similar or related to Young's employment with Canton Motors that these areas of employment are sufficient to place

appellant under Subsection (1). Appellant relies on Fidelity Union Casualty Co. v. Carey (Tex.Com.App.) 55 S.W.2d 795 and Lloyds Guarantee Assur. v. Anderson (Tex.Civ.App.) 170 S.W.2d 312 (writ refused w. o. m.) among others. These cases are not controlling. In both cases cited above, the injured employee was performing similar work for the same employer. The primary question in both cases was whether the earnings in the two closely related occupations could be counted in computing the employee's wages. Other cases relied on by appellant deal with whether the employee was engaged in a compensable occupation at the time of the injury. No such question is before us. Appellant seems to take the alternative position that if Subsection (1) is not applicable, Subsection (2) is not applicable, then Subsection (3) is applicable. This reasoning is contrary to the well settled rule in this State to the effect that the burden is upon the claimant to show that his average weekly wages can not be computed under either Subsection (1) or Subsection (2) before he may resort to Subsection (3). American Employers' Ins. Co. v. Singleton, supra; Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80; Texas Employers' Ins. Ass'n v. Ford, supra.

Only meager testimony was presented concerning Young's duties with the motor company, but it is clear from the record that he did general duties for his employer such as driving pickups, picking up spare parts, driving a wrecker and helping on occasions in the shop. The fact that on at least one occasion Young sowed vetch for one of the owners of the motor company does not lead us to the conclusion that these other jobs are similar to the work performed for the motor company. All of these other jobs previously mentioned, except that of delivering newspapers, were those as a farm or ranch laborer and as such are expressly excluded from Workmen's Compensation coverage. Art. 8306, Sec. 2, V.A.C.S. Farm or ranch labor and general duties for a motor company can not be classified as similar "common labor." Texas Employers' Ins. Ass'n v. Brown (Tex.Civ.App.) 226 S.W.2d 233 (refused n. r. e.).

After reviewing this entire record we think it is clear Subsection (1) is not applicable. Under appellant's own testimony he had worked for Canton Motors only three or four months at the time he received the injury. Art. 8309, Sec. 1, Subsections (1) and (2) were amended in 1959 and became effective prior to Young's injury. The amendment reads " * * * 210 days of the year immediately preceding the injury * * *" instead of " * ' * * substantially the whole of the year immediately preceding the injury * * *." Even under the shorter period, appellant's testimony does not bring him under Subsection (1). Having elected to submit the issue of his average weekly wages under Subsection (1), appellant was bound to have his claim determined under this subsection. We conclude the trial court was correct in disregarding the jury's answers to Special Issues Nos. 12 and 13. There is no evidence of probative force to support the jury's finding that Young worked either "substantially the whole of the year" as submitted to the jury or "210 days of the year" in the employment in which he was working at the time of his injury.

The judgment of the trial court is accordingly affirmed.

On Motion for Rehearing.

In the motion for rehearing, appellant urges that the case be either reversed and rendered allowing appellant recovery for total and permanent disability on the basis of $35.00 per week for 401 weeks; that the case be remanded for a new trial; or reform the trial court's judgment so as to allow appellant the recovery of the minimum compensation rate under Section 10 of Article 8306.

We remain convinced the original opinion properly held there was no evidence to support the jury's answers to Special Is-

sues Nos. 12 and 13. If we are correct in this conclusion, it therefore follows that there is no basis to support a judgment for appellant under Subsection (1) of Art. 8309, § 1. Under the uncontradicted evidence Subsection (1) can not apply in this case for the obvious reason that appellant had not worked "substantially the whole of the year" as was submitted to the jury or "210 days of the year" immediately preceeding the injury. We therefore see no basis upon which this Court should or could reverse and render this cause.

 In preparing the original opinion we gave considerable thought to the question of whether the case could be remanded in order that appellant might be given an opportunity to obtain a jury finding under either Subsection (2) or (3) of Article 8309, § 1. This concern stemmed primarily from the fact it was admitted by the insurance carrier that appellant was injured to some extent in the course of his employment with the Canton Motor Company. Appellant cites several cases, including workmen's compensation cases, which have been remanded where the case was tried under the wrong theory. However, in every such case it will be noted that the appellate court held the trial court erred in some material respect. We remain convinced the trial court was correct in sustaining appellee's motion to disregard the answers to Special Issues Nos. 12 and 13. We would thus be placed in the position of remanding an errorless judgment. As Justice Garwood so aptly stated on motion for rehearing in Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W.2d 530, 6 A.L.R.2d 1045: "Our law does not contemplate remands for new trial except in connection with reversals and does not permit reversals except for errors. Scott et al. v. Walker, 141 Tex. 181, 170 S.W.2d 718, and cases cited."

Appellant also contends that he is entitled to have the trial court's judgment reformed so as to allow him recovery on the basis of the minimum compensation rate under Sec. 10 of Art. 8306. This contention is without merit under the circumstances here. Appellant does not file an unconditional remittitur. He takes the position he is entitled to this amount as a matter of law. As the judgment appealed from provides for no recovery, appellant is not in a position to tender a remittitur. In our opinion the rule pronounced in Texas Employers' Ins. Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W.2d 929, has no application in this case.

Believing that the original opinion properly disposed of the case, the appellant's motion for rehearing is overruled.