The TRAVELERS INSURANCE COMPANY,
Appellant,

v.

Joe G. MARMOLEJO, Appellee.

No. 7297.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 25, 1963.

Rehearing Denied Dec. 23, 1963.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Shaver, Hurley & Sowder, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a workman's compensation case in which the jury found appellee totally incapacitated for a period of eighty weeks and temporarily incapacitated for a period of one hundred weeks. Appellee alleged that on March 21, 1960, while employed by Conner Construction Company and in the course of his employment for said company in unloading steel pipe a heavy joint of pipe suddenly swung around and struck the appellee on the left leg with such force that both leg bones were broken just above the ankle. He then alleged these injuries extended to and affected other portions of his body setting out the many effects and suffering and that the injuries were such that he was totally disabled. Appellee did not seek compensation for any specific injury but sought to recover upon his being totally and permanently disabled by reason of an extension of the effects of his injuries into his body generally.

It is undisputed that appellee was injured while in the course of his employment and it is admitted that appellant paid appellee as compensation herein $35 per week for a period of sixty-nine weeks, a total of $2,415. Appellant pleaded appellee's disability, if any, wholly terminated at the expiration of the sixty-nine weeks and that such disability that appellee ever had was temporary and partial and caused solely by tem-

porary partial disability and incapacity to appellee's left foot and was confined to the left foot and did not extend to or affect any other portion of his body.

The case was submitted to a jury upon thirty-one special issues. We will refer only to the issues here in question. The first issue submitted to the jury was as follows: "Do you find from a preponderance of the evidence that the injury to plaintiff's foot on March 21, 1960, extended to or affected parts of the body other than the foot, thereby causing incapacity?" The jury answered "Yes."

■ Appellant presented three objections to the submission of Special Issue One and all three were overruled by the trial court. The three objections were as follows:

"Defendant objects to the submission of Special Issue No. 1, in the Court's Charge, and more specifically objects to that portion of Special Issue No. 1, which inquires whether the injury to plaintiff's foot extended to or affected parts of the body, because under the law said issue should read 'extended to and affected' and therefore is improper and prejudicial to this defendant."

"Defendant further objects to Special Issue No. 1 because the same is too general, and if answered in the affirmative would not make liability upon this defendant for any general injury, because an affirmative answer to the same could mean that the injury extended to the leg, or the foot, or other parts of the body and defendant would not know what his liability was based upon. Defendant further objects to Special Issue No. 1 because the same is not an ultimate issue."

"Defendant further objects to Special Issue No. 1, because an affirmative answer to the same would not be sufficient to hold defendant liable for a general injury, and if answered 'Yes', would not establish an ultimate fact upon which a judgment could be based."

The first three points of error presented here complain of the overruling of those objections. Since all three of these points of error are germane to the same matter and were presented together, we will determine them together.

Appellee presented his case upon the theory that the injury to his left foot extended to and affected other portions of his body which resulted in total and permanent incapacity and disability. Appellant's first objection is that in submitting whether the injury extended to *or* affected parts of the body was error because it should have been extended to *and* affected as required under the law. (Emphases ours.) In the case of Lumbermen's Mut. Casualty Co. v. Zinn, 220 S.W.2d 906, the issue was submitted "or" instead of "and". That issue was approved in the Zinn case and a writ was refused by the Supreme Court. We overrule appellant's first point of error.

Under appellant's second assignment of error it is contended Issue One is too general because an affirmative answer could mean the injury extended to the leg or other parts of the body and the appellant would not know what his liability was based upon. As we see this issue, it is not whether the injury affected an arm or the back or any specific part of the body but whether the injury affected any portion of the body so as to cause incapacity. If the injury caused incapacity, it is immaterial what portion of the body was affected. The Supreme Court in the case of Denbow v. Standard Acc. Ins. Co., 143 Tex. 455, 186 S.W.2d 236, suggested a very simple manner of presenting such an issue. That suggestion was as follows: "Did the injury, if any, to Denbow's left wrist affect parts of his body other than his hand and wrist, thereby causing disability?" It is said in the case of General Accident Fire & Life Assur. Corp. v. Murphy, Tex.Civ.App., 339 S.W.2d 392 (NRE) as follows:

"Of course, if the injury and its effects are limited to a specific member, compensation is limited to that pre-

scribed for loss of or injury to the specific member. If, however, the injury to the specific member extends to the body generally, or perhaps it is more accurate to state, if the effects of the injury extend to other parts of the body and cause disability, compensation is recoverable for the disability thus caused to the other part of the body affected. Meyer v. Great American Indemnity Co., 154 Tex. 408, 279 S.W.2d 575; Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463."

Appellant's second point of error is overruled.

■ Appellant's third point of error contends that Special Issue No. One does not establish an ultimate fact. As to appellee's cause of action, the ultimate fact is whether the injury affected other parts of his body as to cause incapacity. The jury found the injury affected other parts of appellee's body than the foot thereby causing incapacity. Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312 (Supreme Court) it is stated:

"The trial court properly refused to submit the requested issue. One of the controlling issues made by the pleadings and proof was whether the injury was general or specific. Compensation for a specific injury is provided in Section 12 of the compensation law, Vernon's Ann.Civ.St. art. 8306, but if the injury affects other portions of the body and causes incapacity, compensation is recoverable and may exceed the amount provided for in Section 12; for in such case the injury is general and not confined to the specific member as provided in Section 12. Consolidated Underwriters v. Langley, [141 Tex. 78] 170 S.W.2d 463. The requested issue does not embrace an ultimate fact material to the company's defense. If, as the jury found, the specific injury affected the body generally and incapacity resulted therefrom, it is immaterial whether or not such effect is the 'usual and recognized results accompanying and following the particular injury.' Neither was it error for the trial court to overrule the insurance company's request to prepare and submit an issue embracing all component parts of the ultimate issue suggested in the requested charge. The trial court submitted to the jury all of the defenses raised by the pleadings and proof; therefore the insurance company has no right to complain."

Appellant's point of error three is overruled.

Appellee sought to determine his wage rate under Subdivision 3, Section 1, of Article 8309. If his wage rate did not come under either Subdivisions 1 or 2 under Section 1 of Article 8309, then he could resort to Subsection 3. There is no question raised as to Subsection 1. Special Issue No. 28 of the court's charge inquired of the jury if there was another employee of the same class as the appellee working at least 210 days of the year immediately preceding appellee's injury in the same or similar employment in the same or neighboring place. The jury answered "There was not another employee." Special Issue No. 29 asked the jury what amount of money, if any, to be just and fair to both parties to be fixed as the average weekly wage of appellee. The jury answered $75.

Appellant objected to the submission of Special Issues Nos. 28 and 29 and by points of error 4 and 5 contend appellee had not met his burden of proof in showing that there was not another employee of the same class as the appellee working at least 210 days immediately preceding appellee's injury and was not entitled to recover under Subdivision 3.

Appellee testified as follows:

"Q All right. Joe, back on—referring your attention back to the date of your injury, March 21, 1960, had you worked for Conner Construction Company in

the year just preceding that injury for as much as 210 days?

"A No, sir.

"Q Had you worked in any similar employment in that year, in the year previous to your injury, for as much as 210 days? And by that, I mean labor for a pipeline company or something in the nature?

"A After I got my injury?

"Q No, before your injury. In the year just preceding your injury, had you either worked for Conner Construction Company or in similar employment for at least 210 days of that year?

"A No, sir.

"Q All right. Have you tried to determine whether or not there are other employees in Lubbock or in a neighboring place who have worked, either for Conner Construction Company or in similar employment, for as much as 210 days in the year just preceding your injury?

"A No, sir.

"Q Now the question is, have you tried to find any employees who have done that?

"A Yes, sir.

"Q Have you been able to find any employees who have worked in that—either in the employment for Conner Construction Company or similar employment, for as much as 210 days in the year just preceding your injury?

"A No, sir, I haven't found—

"Q Do you know of anyone who has worked either for Conner Construction Company or in similar employment in Lubbock or in a neighboring place, for as much as 210 days in the year preceding your injury?

"A No, sir."

This is the testimony upon which appellant was to rely to bring himself under Subdivision 3.

We are familiar with the rule that the burden is upon appellee to show by competent evidence that his average weekly wage cannot be computed under Subdivision 3 until he shows Subdivisions 1 and 2 do not apply. Texas Employers' Ins. Ass'n v. Ford, 153 Tex. 470, 271 S.W.2d 397 (Supreme Court). We believe, however, such matter has been liberally construed and that there was sufficient evidence to permit appellee's recovery under Subdivision 3. In the case of Commercial Standard Insurance Company v. Villa, Tex.Civ.App., 313 S.W.2d 627 (writ refused NRE) under facts similar to the facts here, the court there held there was sufficient evidence to uphold the finding of the jury as was found in this case. To the same effect are the cases of I.C.T. Insurance Company v. Wineman, Tex.Civ.App., 308 S.W.2d 549 (NRE); Federal Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W.2d 1031 (writ dismissed); and Traders & General Ins. Co. v. Crouch, Tex.Civ.App., 113 S.W.2d 650 (writ dismissed). Appellant's points 4 and 5 are overruled.

By appellant's points of error 6, 7, and 8 it is contended the trial court erred in refusing to submit to the jury its requested special issues. The substance of the issues requested were if the incapacity was caused solely by the loss of the use of the left leg below the knee; if incapacity was caused solely by loss of the left leg and if the injury was confined to his left leg below the knee. Appellant pleaded that such disability as appellee ever had was temporary and partial and caused solely by temporary partial disability and incapacity to appellee's left foot. Special Issue No. 31 submitted by the court to the jury placing the

burden of proof upon appellee was as follows: "Do you find from a preponderance of the evidence that the injury of Joe Marmolejo was not confined to his left foot?" The jury answered "It was not confined to his left foot." The first issue correctly placed the burden of proof upon appellee to show that the injury to his foot extended to or affected parts of his body other than his foot thereby causing his incapacity. The appellant also pleaded appellee's injury, if any, was confined to the left foot and did not extend to or affect any portion of his body. The trial court also submitted to the jury the question as to permanent and partial disability and as to the length of time each existed. We are of the opinion the trial court substantially covered the requested special issues and did not err in refusing to give the requested special issues. Requested special issues which are substantially covered in the issues submitted by the court need not be submitted. Parker v. Leach, Tex.Civ.App., 274 S.W.2d 721 (NRE); Funderburk v. Dofflemyer, Tex. Civ.App., 234 S.W.2d 889 (writ refused). Appellant's points of error 6, 7, and 8 are overruled.

By appellant's ninth and last assignment of error it is contended the following argument made by appellee's attorney constitutes reversible error. The closing argument complained of was as follows:

"I not only feel a sense of responsibility to Joe, but I feel one to his family. I feel like this will affect the entire family, if you, as jurors, the decision you render here today will have an eternal effect upon their lives. It certainly has an effect upon whether or not Joe is going to be able to continue to feed and clothe that family. It has an effect upon whether or not he is going to be able to keep that house."

Part of this argument was based upon some evidence while other portions appeal to the sympathy of the jury. We cannot reasonably say that this argument calculated to cause and probably did cause rendition of an improper judgment in the case. It is stated in the case of Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S. W.2d 596 (Supreme Court) as follows:

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case."

Finding no reversible error, the judgment of the trial court is affirmed.