**CENTRAL SURETY & INSURANCE COR-PORATION, Appellant,**

**v.**

**W. E. JORDAN, Appellee.**

**No. 7666.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 19, 1966.

Key, Carr & Clark, Lubbock, for appellant.

Splawn & Maner, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a workmen's compensation case tried before a jury resulting in a judgment for total and permanent disability benefits at the maximum compensation rates plus medical and hospital bills. The jury found that the plaintiff, W. E. Jordan, was injured in the course and scope of his employment with Jordan & Douglas Implement Company; that he was totally and permanently disabled; that he had not worked 210 days in the year immediately preceding the date of the injury; that there was another employee of the same class as the plaintiff who had worked 210 days in the same employment and that such employee's average weekly wage was $65.00 and that it would work a manifest injustice and hardship upon the plaintiff if the benefits were paid out in weekly installments rather than a lump sum. From that judgment the defendant, Central Surety & Insurance Corporation, presented this appeal and will hereafter be referred to as appellant. W. E. Jordan will hereafter be referred to as appellee.

By appellant's first point of error it is contended the trial court erred in overruling its motion for judgment non obstante veredicto which motion requested the trial court to disregard the jury's findings to Special Issues Nos. 16, 18 and 19 and to hold as a matter of law that the average weekly wage of the plaintiff was $25.81 per week.

The remaining points of error contend there was no evidence or in the alternative insufficient evidence to support the jury's findings to Special Issues Nos. 16, 18 and 19. In answer to Special Issue 16 the jury found W. E. Jordan did not work for his employer or other employers for at least 210 days of the year immediately preceding the date of his injury. In answer to Special Issue No. 18 the jury found there was another employee of the same class as W. E. Jordan who worked for at least 210 days of the year immediately preceding the date of appellee's injury for the same or another employer in the same or similar employment in the same or similar neighboring place and in answer to Special Issue 19 that the average weekly wage earned by such other employee in the year immediately preceding the injury of W. E. Jordan was $65.00.

As to the contention of appellant that there was no evidence or in the alternative insufficient evidence to support the jury's finding to Special Issues Nos. 16, 18 and 19, we will overrule that contention. It is to be noticed here that appellant contends there is no evidence or in the alternative insufficient evidence to support the jury's findings in answer to Issue No. 16 but appellant requested a special issue asking the jury to pass upon that same question and did not object to the submission of Special Issue No. 18. The employer of W. E. Jordan testified he knew that W. E. Jordan did not work 210 days of that year immediately preceding the date of Jordan's injury. He also testified there was another man by the name of Thomas DeLeon working for him and doing the same type of work that W. E. Jordan was doing and that DeLeon worked more than 210 days during that twelve months period preceding the date of Jordan's injury and that his average weekly wage was $68.37. There was other evidence sustaining the findings of the jury on these issues and we believe there was sufficient evidence of probative force to support the jury's findings.

The real issue here involved is whether the trial court erred in permitting appellee to recover judgment for average weekly wages as provided under Subsection

(2) of Article 8309, Vernon's Ann.Tex.St., when his actual weekly wage was shown to be $25.81. The appellee's weekly wage while he was working was $25.81 and he was paid on a weekly basis, the judgment here granting him a higher weekly wage than he received when working. This is not a common law action based upon actual damages proven. The rule as provided in Article 8309, V.A.T.S., determines the manner in which the parties are permitted to have the weekly wage determined. If W. E. Jordan had worked in the employment in which he was working at the time of the injury, whether for the same employer or not, and had worked for at least 210 days of the year immediately preceding the injury, his wage and salary would have been determined as provided in Subdivision 1, Subsection (2) of Article 8309, but since appellee did not work the 210 days as there provided his recovery must be based upon the average daily wage or salary which an employee of the same class working at least 210 days of such immediately preceding year in the same or in similar employment in the same or neighboring place as the second method provides. Under this record Thomas De-Leon was doing the same class of work as appellee and was working for the same employer at the same time and location.

Under Article 8309, V.A.T.S., the workmen's compensation law, three methods are provided for in establishing the wage rate to be applied. The first method is determined by finding whether the injured party worked in the employment in which he was working at the time of the injury whether for the same employer or not for at least 210 days of the year immediately preceding the injury. If the employee did not work the 210 days as provided by the first method then his second method of procedure would be based upon the wage or salary which an employee of the same class working at least 210 days of such immediately preceding year. The appellee presented his case upon the second method and secured a finding of the jury thereon. Under this record and the findings of the jury, appellee's weekly wage rate could not be computed under Subdivision (1) but could under Subdivision (2) and the case was tried under Subdivision (2). It is stated in Indemnity Insurance Co. of North America v. Redic, 344 S.W.2d 936 (Tex.Civ.App.—Dallas, 1961, no writ) as follows:

"Probably no rule of law in workmen's compensation cases is more firmly established than that which provides that the claimant has the burden of establishing his average weekly wage rate by one of the three methods provided for in Art. 8309, Paragraph 1, Subdivisions 1, 2 or 3, and in the order named, i. e., he must show that such cannot be computed under Subdivision 1 before he can resort to Subdivision 2, then, if the computation cannot be made under 1 or 2, he may resort to Subdivision 3. This rule was established early by the case of American Employers' Ins. Co. v. Singleton, Tex.Com.App., 24 S.W.2d 26, and is the law today. Texas Employers' Ins. Ass'n v. Ford, 153 Tex. 470, 271 S.W.2d 397."

See also Truck Insurance Exchange v. Cartmill, 385 S.W.2d 277 (Tex.Civ.App.—Waco, 1964, writ ref'd, nre) where it is stated:

"Plaintiff had not worked for as much as 210 days during the year preceding his injury, so the Trial Court submitted issues as to whether another employee of the same class as plaintiff had worked 210 days in similar employment, and if so such other employee's average daily wage. The jury found affirmatively as to another employee of the same class and found his average daily wage to be $20. The Trial Court computed its judgment on such basis. Defendant's real complaint is that plaintiff did not earn but approximately $1000 the previous year. The burden was on defendant to show that plaintiff's wages could not be computed under Sub-sections 1 or 2 before resort may be had to Sub-section 3, Art. 8309, V.A.T.S. Texas Employers' Ins. Ass'n. v. Ford, 153 Tex. 470, 271 S.W.2d

 

397. Moreover, workmen's compensation benefits are paid for disability rather than for actual earnings received. Federal Underwriters Exchange v. Rattler, CCA (n. r. e.), 192 S.W.2d 942; Traders & Gen. Ins. Co. v. Nored, CCA (n. r. e.) 341 S.W.2d 492."

 The workmen's compensation action nowhere provides that the injured employee may recover what his actual wages were but provides a method of determining what he is entitled to. The injured employee must present his wage rate under one of the three methods provided for regardless of what his actual wages might be.

Judgment of the trial court is affirmed.