TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,

v.

Mrs. Nora SMITH et al., Appellees.

No. 8024.

Court of Civil Appeals of Texas, Texarkana.

May 25, 1971.

Rehearing Denied July 20, 1971.

Howard Waldrop, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Traylor Russell, Bird Old, Jr., Old & Moye, Mt. Pleasant, for appellees.

CHADICK, Chief Justice.

This is a Workmen's Compensation Law (Vernon's Ann.Tex.Rev.Civ.Stat.Ann. art. 8306, et seq.) case. Texas Employers' Insurance Company is appellant, and Jerry Wayne Smith's widow, Nora, and his five children are appellees. The insurance association is the insurance carrier for Tal-Tex Drilling and Production Company, Inc. The case is prosecuted on the theory that Jerry Wayne Smith was an employee of Tal-Tex, working in the course of his employment when he was fatally injured in the crash of a light airplane.

Unless the evidence is legally sufficient to support the jury's negative answer to the

special issue quoted below, the judgment of the trial court must be reversed. In an effort to determine the wage rate of the deceased employee, the trial court submitted Special Issue No. 6, reading as follows, to-wit:

"Do you find from a preponderance of the evidence that there was another employee of the same class as Wayne Smith, working at least 210 days of the year immediately preceding his death on March 3, 1967, in the same or similar employment, in the same or neighboring place?"

The only testimony relevant to the issue is that of the appellant Nora Smith, which is uncontradicted. Both as a paid employee of the Talco Well Service, (a company not involved in this suit) and as a volunteer helper to her husband in the management of such firm, she was familiar with that organization's approximately forty employees and the nature of the work each performed. In addition, the following extract from her testimony shows the extent of her familiarity with the nature of work performed, the employers and employees in the Talco oil field:

"Q. Were you acquainted with the employees of other oil companies in that area?

A. Yes, most of them.

Q. I'll ask you to state whether or not the nature of Wayne's business was such that he would necessarily be working for the oil companies there?

A. Yes, he worked for the major companies.

Q. What were the major companies that were operating in that field?

A. Humble, Texaco, Mobil—and then, of course, there were some independents that he did work for.

Q. And were you acquainted with many of those employees?

A. Yes.

* * * * * *

"Q. Now, Nora, I'll ask you to state whether or not Wayne was working in the employment of Tal-Tex—that is the employment in which he was working at the time of his death—for at least 210 days of the year immediately preceding his death?

A. No, sir.

* * * * * *

"Q. Mrs. Smith, do you know of another employee of the same class as Wayne Smith who was working at least 210 days of the year immediately preceding his death in the same or similar employment and in the same or neighboring place?

* * * * * *

"A. No sir, because the company was not that old."

The question here presented, that is, quantum of proof, is discussed in Texas Employers' Ins. Ass'n. v. Ford, 153 Tex. 470, 271 S.W.2d 397 (1954); Griffin v. Superior Insurance Company, 161 Tex. 195, 338 S.W.2d 415 (1960); and Texas Employers' Insurance Association v. Shannon, 462 S.W.2d 559 (Tex.1970). Each of these cases discusses the burden of proof that Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (1967) imposes on a workmen's compensation benefit claimant to establish the injured employee's wage rate and the sequence in which alternative statutory methods may be used in establishing it; repetition thereof will be omitted.

An analysis of Mrs. Smith's testimony disclosed that she only claimed to know *most* or *many* of the employees of the major oil companies and some independents in the Talco field, and was acquainted with the "nature of the work they did." Construing the answer to the last question quoted above as partially responsive, and considering it and all other evidence in the aspect most favorable to the jury's answer, it becomes apparent that the witness is saying nothing more than that she personally does not

know another employee of the class inquired about. If the evidence (which includes the background knowledge shown) that the witness was not acquainted with an employee of the class mentioned is accorded absolute verity, such evidence fails to negative existence of an employee of the particular class in question. The conclusion expressed places this case in a category with *Ford* and *Shannon,* supra, and necessitates a reversal.

On the sufficiency of the evidence here discussed, the appellee has cited Texas Employers' Insurance Association v. Locke, 224 S.W.2d 755 (Tex.Civ.App. Fort Worth, 1949, writ ref'd, n. r. e.); *Southern Underwriters* v. Boswell, 141 S.W.2d 442 (Tex. Civ.App. Fort Worth, 1940); affirmed 138 Tex. 255, 158 S.W.2d 280 (1942); Travelers Ins. Co. v. Marmolejo, 374 S.W. 2d 280 (Tex.Civ.App. Amarillo, 1963), affirmed, 383 S.W.2d 380 (Tex.1964); Texas Employers' Insurance Ass'n v. Martinez, 284 S.W.2d 198 (Tex.Civ.App. San Antonio, 1955, no writ). The facts of each of these cases do not substantially match or parallel the facts here, but do serve to distinguish each from the instant case.

Although it is concluded that there is no evidence to sustain the jury's answer to Special Issue No. 6, it also appears that the evidence on the issue was not fully developed. Therefore, in the interest of justice, judgment will not be rendered but the case remanded to the trial court for a new trial. It is so ordered.