Melvin **BURTON**, Jr., Appellant,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY**, Appellee.

No. 6791.

Court of Civil Appeals of Texas, El Paso.

May 16, 1979.

Rehearing Denied June 13, 1979.

Burnett & Ahders Associated, Warren Burnett, W. Ruff Ahders, Norma Venso, Odessa, for appellant.

Rassman, Gunter & Boldrick, James P. Boldrick, Leslie G. McLaughlin, Midland, for appellee.

## OPINION

OSBORN, Justice.

This is a workmen's compensation case in which the jury found that the claimant sustained permanent partial incapacity and found the average weekly wage earning capacity during such partial incapacity to be more than the stipulated average weekly wage of the claimant prior to his injury. The Appellant appeals from a take nothing judgment. We reverse and remand.

The claimant sustained a back injury and subsequently had a laminectomy with posterior lateral fusion. Several months later he returned to work for his same employer. The jury found Appellant sustained total incapacity from November 17, 1976, to June 5, 1977, and permanent partial incapacity commencing on June 6, 1977. They further found that Appellant's average weekly earning capacity during the partial incapacity to be $236.00. The parties had stipulated outside the presence of the jury that Mr. Burton's average weekly wage prior to the injury was $226.00. The carrier having paid the maximum compensation benefits for the period of total incapacity as found by the jury, the Court entered a take nothing judgment.

The Appellant presents a single point of error asserting a conflict between the jury finding of partial incapacity and the finding of a greater wage earning capacity during the partial incapacity than the stipulated average weekly wage prior to the injury. The Appellant relies upon the holdings in *Employers Reinsurance Corporation v. Holland*, 162 Tex. 394, 347 S.W.2d 605 (1961), and *Home Indemnity Company v. McKay*, 543 S.W.2d 171 (Tex.Civ.App.—San Antonio 1976). The opinion in *Holland* resulted from the granting of a motion for rehearing and is a five-to-four decision. That decision has been severely criticized. See: dissenting opinion by Justice Smith in *Holland*, 347 S.W.2d at 608; concurring opinion by Justice Cadena in *McKay*, 543 S.W.2d at 174; Sartwelle, Workers' Compensation, 32 Sw. L.J. 361 (1978).

In this case, the Court defined "partial incapacity" and "earning capacity" exactly the same as the trial court did in the *McKay* case. In the *Holland* case, the court said that the "average weekly wages before injury *must* represent, in law, earning capacity before injury." Thus, there is an irreconcilable conflict where the jury finds that at a given period of time there is a partial incapacity, but also finds that the wage earning capacity after the injury is as much or more than the actual wages earned prior to the injury. The Appellant's point of error is sustained.

The judgment of the trial Court is reversed and the case is remanded to that Court.