**Carl David WINTERS, Appellant,**

v.

**HIGHLANDS UNDERWRITERS INSURANCE CO., Appellee.**

**No. C14–85–075–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 6, 1985.

Rehearing Denied July 5, 1985.

---

Gordon E. Davenport, Brown, Todd, Hogood & Davenport, Alvin, for appellant.

King Waters, Vinson & Elkins, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a take nothing judgment based upon the jury's verdict in a workman's compensation case. At issue on appeal is whether the jury findings were irreconcilable. We reverse and remand.

At the commencement of this trial, the parties stipulated that appellant's average weekly wage prior to his injury was $506.00. In response to special issues the jury found: 1) appellant suffered an occupational disease arising out of and in the course and scope of his employment; 2) he was partially incapacitated therefrom during the period of July 28, 1980 to December 31, 1980; and 3) his "average weekly earning capacity during partial incapacity" was $506.00.

In his only point of error, appellant asserts the trial court erred in entering judgment for the carrier because there was an irreconcilable conflict between the jury's finding partial incapacity and its finding that his average weekly earning capacity during such partial incapacity was $506.00, the same as the stipulated average weekly wage. In the charge to the jury, partial incapacity was defined as:

> mean[ing] any degree of incapacity less than total incapacity, *whereby a person suffers a reduction in earning capacity.* A person cannot have both total and partial incapacity at the same time. (Emphasis added).

This is the identical definition contained in 2 State Bar of Texas, Texas Pattern Jury Charges, PJC 22.02 (1970). Under the above definition, a person cannot be partially incapacitated unless he suffers a reduction in his average weekly earning capacity. In the instant case, the jury found his post injury average weekly earning capacity was the same as the stipulated average weekly wage of appellant. Thus, the jury's finding of partial incapacity is irreconcilable under the jury definition with a finding of no reduction in appellant's average weekly earning capacity. *Burton v. United States Fidelity & Guaranty Company,* 582 S.W.2d 565 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.); *Home Indemnity Company v. McKay,* 543 S.W.2d 171 (Tex. Civ.App.—San Antonio 1976, mand. overr.).

Appellee acknowledges that *Burton* and *McKay* involved the identical definition of partial incapacity, but urges us to harmonize this jury charge with the supreme court's holding in *Indemnity Insurance Company of North America v. Craik,* 162 Tex. 260, 346 S.W.2d 830 (1961). Appellee further contends that the supreme court's holding in *Employers Reinsurance Company v. Holland,* 162 Tex. 394, 347 S.W.2d 605 (1961) has been misinterpreted by the courts of appeals in disposing of jury conflicts such as the one before us. While there has been some criticism concerning the *Holland* and *Craik* cases which were handed down on the same day, it is our duty to apply the rule which most closely fits the facts of the case before us. We, therefore, follow *Holland,* as did the appellate courts in *Burton* and *McKay.*

The judgment of the trial court is reversed and the cause is remanded for a new trial.