Henry CRAVENS, Appellant,

v.

TRANSPORT INDEMNITY CO. now Mission American Insurance Co., Appellee.

No. 2–86–269–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 15, 1987.

Charles M. Noteboom, Jean Bishop, of counsel, Bedford, for appellant.

Law Office of Arlen D. "Spider" Bynum, P.C., Arlen D. Bynum, Dallas, for appellee.

Before FENDER, C.J., and FARRIS and KELTNER, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal by Henry Cravens, the plaintiff in the trial court, from an adverse judgment in a worker's compensation case. Based upon jury answers to several special issues, the trial court rendered a take nothing judgment for the defendant, Transport Indemnity Company. Appellant appeals the verdict, the Denial of a Motion for Mistrial, the Denial of a Motion for New Trial, the Denial of a Motion to Disregard Special Issue Finding and the Denial of a Motion for Finding on Omitted Issue in seven points of error.

We affirm.

On June 3, 1983 appellant, employed by appellee, suffered a back injury on the job. At the time of the injury appellant had worked only 160 days. For recovery in a worker's compensation case, it is crucial for the worker to establish his pre-injury average weekly wage rate. In accordance with TEX.REV.CIV.STAT.ANN. art. 8309, sec. 1, subd. (1), (2), (3) (Vernon 1967) this rate can be established in one of three ways. First, his own wages will be controlling if he has worked at least 210 days in the same or similar employment during the year preceding his injury. TEX.REV.CIV. STAT.ANN. art. 8309, sec. 1, subd.(1) (Vernon 1967). If the injured worker has not himself met the prerequisites of subdivision (1), as in the case at bar, then he must take his proof to subdivision (2) of the statute and establish the average weekly wage rate of another employee of the same class who has worked similarly for at least 210 days in the prior year. Subdivision (3) provides for a wage rate "just and fair" to both parties, but resort may not be had to subdivision (3) until the workman has met his burden of proving by competent evidence that his wages cannot be computed under subdivision (1) or (2). *See Texas Employers' Ins. Ass'n v. Ford,* 153 Tex. 470, 271 S.W.2d 397, 399–400 (1954).

Cheri Wilson, a representative of appellant's employer, testified regarding the earnings of another employee, Jerry Harlow, that had worked at least 210 days. Both appellant and Harlow drove trucks that hauled cars, but Harlow could choose more jobs and higher paying jobs because he ranked higher than appellant in the seniority system. Appellant offered no other evidence to establish the wage rate of another employee.

The following special issues were submitted to the jury with regard to proof of pre-injury average weekly wage rate:

Special Issue No. 6:

Was the injury a producing cause of any "partial incapacity?"

Answer: Yes

Special Issue No. 10:

Do you find from a preponderance of the evidence that another employee of the same class as plaintiff worked at lease 210 days of the year immediately preceding June 3, 1983, in the same or similar employment and in the same or a neighboring place?

Answer: we do not.

Special Issue No. 11:

Find from a preponderance of the evidence the average daily wage which such other employee earned during the days he actually worked in such year.

Answer: N/A

Appellant asserts in his first and second points of error that the trial court erred in rendering judgment on the verdict and in overruling plaintiff's motion for mistrial and request for new trial because there is an irreconcilable conflict between the jury's finding in Special Issue 6 and the court's deemed finding. In answering Special Issue 6, the jury indicated the injury was a

producing cause of appellant's "partial incapacity." "Partial incapacity" was defined in the charge of the court as any degree of incapacity less than total incapacity, whereby a person suffers a reduction in earning capacity. However, appellant argues that when the court entered a take-nothing judgment, the court made a deemed finding of a pre-injury average weekly wage rate less than or equal to that during the period of partial incapacity.

■ Appellant relies on five cases to support his contention of an irreconcilable conflict, i.e., *Lozano v. Vigilant Ins. Co.*, 721 S.W.2d 285 (Tex.1986); *Employers Reinsurance Corporation v. Holland*, 162 Tex. 394, 347 S.W.2d 605 (1961); *Winters v. Highlands Underwriters Ins. Co.*, 693 S.W.2d 729 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Burton v. United States Fid. & Guar. Co.*, 582 S.W.2d 565 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.); and *Home Indem. Co. v. McKay*, 543 S.W.2d 171 (Tex.Civ.App.—San Antonio 1976) (orig. proceeding). None of these are applicable because each of the cited cases involve a stipulated pre-injury average weekly wage, a jury finding of partial incapacity and a jury finding of no reduction of wage earning capacity following the injury or during the period of partial incapacity. The case at bar is distinguishable from those cases cited by appellant. In answer to Special Issue 10, the jury found that there was no employee of the same class as appellant who had worked 210 days before June 3, 1983 in the same or similar employment. As a result, there was no jury findings, nor were there any stipulations, as to appellant's pre-injury average weekly wage rate. It follows that there could be no jury finding of a reduction of wage earning capacity following appellant's injury since there had been no pre-injury wage determination to base a reduction on. These facts indicate appellant failed to establish an average weekly wage by showing the wages of another employee of the same class. We do not believe a fatal conflict arises where there is a jury finding of partial incapacity coupled with the failure of establishing the essential pre-injury wage rate as reflected by the jury's answer to Special

Issue 10. It is merely a failure of the appellant to meet his burden of proof under TEX.REV.CIV.STAT.ANN. art. 8309, sec. 1(2) (Vernon 1967).

■ Appellant additionally argues the trial court, in accordance with TEX.R.CIV. PROC. 279 (Vernon 1977), should have made a finding based upon the evidence as to a "just and fair" wage rate. The court correctly declined to do so. Appellant did not tender to the trial court any issue on "just and fair" wage rate, nor did appellant timely object before judgment to the court's failure to submit such an issue. *See* TEX.R.CIV.P. 279 (Vernon 1977). Even if appellant had timely objected, appellant failed to prove by competent evidence that his wages could not be computed under TEX.REV.CIV.STAT.ANN. art. 8309, sec. 1(2) (Vernon 1967) which is a prerequisite to resorting to the "just and fair" method of wage determination. *See Texas Employers' Ins. Ass'n v. Ford*, 153 Tex. 470, 271 S.W.2d 397, 399–400 (1954). Appellant's points of error one and two are overruled.

In his points of error three through six, appellant asserts the trial court erred in overruling appellant's Motion for Mistrial, Request for New Trial, Motion for Finding on Issue 11, Motion to Disregard Special Issue Finding and Motion for Finding on Omitted Issue. Appellant contends the jury's finding on Special Issue 10 is against the great weight of the evidence and should have been affirmatively answered as a matter of law.

In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). In considering the evidence, if a jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should

be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt,* 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam).

If an appellant is attacking the legal sufficiency of an adverse finding to a special issue on which he had the burden of proof, the Supreme Court of Texas has stated that the appellant must, as a matter of law, overcome two hurdles. *See Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982). First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the fact finder's answer, then secondly, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id.*

 There is no question that the burden of proof to establish pre-injury average weekly wage rate is on the claimant. *See Texas Employers' Ins. Ass'n v. Ford,* 153 Tex. 470, 271 S.W.2d 397 (1954). Appellant offered evidence regarding the earnings of Jerry Harlow, whom appellant offered as being of the same class of an employee as appellant. Testimony regarding this employee revealed that Harlow had worked 210 days in the year preceding June 3, 1983, and Harlow and the appellant both drove trucks that hauled cars to various dealers for distribution. However, Harlow was higher in seniority as a driver. More specifically, in September 1982 Harlow ranked number 4 on the seniority roster while appellant ranked number 173. Those higher in seniority were able to have first choice on the jobs offered, thereby enabling the higher seniority employees to choose more jobs and the higher paying jobs. In fact, Cheri Wilson testified seniority did play a role in explaining why Harlow was able to work 249 days during the same 1982 time period in which the appellant worked only 162 days. In view of these facts, a jury could reasonably conclude the employment of appellant and that of Harlow were not similar. We believe there is ample evidence to support the jury's find-

ing, and in considering all of the evidence, the jury's finding is not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. Appellant's points of error three, four, five and six are overruled.

 Appellant urges in its seventh point of error that the trial court erred in refusing to respond to appellant's request for findings of fact. TEX.R.CIV.P. 296 (Vernon 1977) does not require findings of facts or conclusions of law in a jury trial. *See Conrad v. Judson,* 465 S.W.2d 819, 827 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.). Appellant's seventh point of error is overruled.

The judgment of the trial court is affirmed.