The TRAVELERS INSURANCE COMPANY, Petitioner,

v.

Joe G. MARMOLEJO, Respondent.

No. A–9973.

Supreme Court of Texas.

Oct. 21, 1964.

Rehearing Denied Nov. 18, 1964.

Crenshaw, Dupree & Milam, Joe Nagy, with above firm, Lubbock, for petitioner.

Shaver, Hurley & Sowder, Lubbock, for respondent.

WALKER, Justice.

This is a workmen's compensation case. Plaintiff was injured in the course of his employment when a heavy joint of pipe struck him on the left leg and broke both bones in the leg just above the ankle. While the allegations of the petition might be broad enough to include an original general injury, no issue submitting that theory was given or requested. Special Issue No. 1, which inquired whether the injury to plaintiff's foot "extended to or affected parts of the body other than the foot, thereby causing incapacity," was answered by the jury in the affirmative. On the basis of this finding and others relating to the extent and duration of the plaintiff's disability, the trial court rendered judgment in his favor for total incapacity for 80 weeks and partial incapacity for an additional 100 weeks. The Court of Civil Appeals affirmed. 374 S.W.2d 280.

Defendant objected to Special Issue No. 1 on the following grounds which are material here: (1) that it inquired whether the injury to plaintiff's foot extended to *or* affected other parts of the body when under the law it should read "extended to *and* affected"; (2) that an affirmative answer thereto could mean that the injury extended either to the leg or to other parts of the body, and would therefore afford no basis for awarding a recovery for general in-

capacity; and (3) that the same is not an ultimate issue and would not establish any ultimate fact upon which a judgment could be based. The first six points of error here assert that the trial court erred in overruling these objections.

The question raised by the first objection has been considered by our courts on several occasions, and both parties cite decisions which support their respective positions. Plaintiff relies on the holdings in Lumbermen's Mut. Casualty Co. v. Zinn, Tex.Civ.App., 220 S.W.2d 906 (writ ref.), and Texas Employers Ins. Ass'n v. Stephenson, Tex.Civ.App., 178 S.W.2d 883 (original mandamus proceeding). He also directs our attention to the form of issue suggested in Denbow v. Standard Acc. Ins. Co., 143 Tex. 455, 186 S.W.2d 236, and to expressions in other opinions indicating that a claimant who suffers an injury to a specific member may recover for a loss of use of a greater member or for general disability by establishing that the injury affects another part of the body and thereby causes loss of use or incapacity. See Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312; Meyer v. Great American Indemnity Co., 154 Tex. 408, 279 S.W.2d 575; General Acc. Fire & Life Assur. Corp. v. Murphy, Tex.Civ.App., 339 S.W.2d 392 (writ ref. n. r. e.).

On the other hand we have stated several times that the claimant must allege, prove and secure a finding that the injury to the specific member extended to and affected other portions of the body. See Texas Employers' Ins. Ass'n v. Espinosa, Tex. Sup., 367 S.W.2d 667; Argonaut Ins. Co. v. Newman, Tex.Sup., 361 S.W.2d 871; Texas Employers' Ins. Ass'n v. Brownlee, 152 Tex. 247, 256 S.W.2d 76; Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463. It was held in *Espinosa* and *Brownlee,* moreover, that pain caused by an injury to a particular member and felt in another part of the body is not, of itself, sufficient to support a recovery for anything more than the original specific injury. Un-

der our Workmen's Compensation Act as interpreted and applied in these cases, the plaintiff does not establish his right to a judgment for general disability by merely showing that a specific injury has affected the body generally and thereby caused incapacity. He must go further and obtain a finding that his incapacity was caused by an extension of the injury to some part of the body other than a specific member. This was not done in the present case, and we hold that the trial court erred in overruling the first objection mentioned above. In so far as they are inconsistent with the conclusions here expressed, the cases upon which plaintiff relies are unsound and will not be followed.

■ Defendant's other objections to Special Issue No. 1 were also well taken. The jury was instructed that "all leg injuries below the knee are designated 'foot' injuries and that all leg injuries to the knee and above are designated 'leg' injuries." Entirely aside from the error discussed above, the issue in question merely inquired whether the injury extended to "parts of the body other than the foot." When this issue is considered in the light of defendant's objections thereto, the jury's answer constitutes at most a finding that the injury extended either to the leg above the knee or to the body generally. If the injury extended only to the leg above the knee, plaintiff was entitled to compensation for loss of use of the leg but not to an award for general disability. If incapacity was caused by an extension of the injury to portions of the body other than a specific member, plaintiff is entitled to recover for general incapacity. In view of the objections to the charge, therefore, the jury's answer does not establish any ultimate fact upon which a judgment could be based.

■ Since the award for general disability in the present case cannot stand without a finding that the injury to plaintiff's foot extended to and affected some portion of his body other than a specific member and thereby caused incapacity, the cause must be remanded for a new trial. Defendant also complains of the trial court's refusal to submit three requested issues, which are quoted in the margin.[1] Technically the substance of the first requested issue was submitted to the jury in Special Issue No. 31, which is also set out in a footnote.[2] It will be noted, however, that this issue inquired whether the injury was confined to the *foot,* and the jurors may not have understood from the accompanying instruction that their answer should be in the affirmative if they concluded that the injury was confined to the leg below the

1. *First Requested Issue:* "Do you find from a preponderance of the evidence that the injury of Joe Marmolejo was not confined to his leg below the knee?
"Answer: 'It was not confined to his left leg below the knee,' or 'It was confined to his left leg below the knee.'"
*Second Requested Issue:* "Do you find from a preponderance of the evidence that the incapacity, if any, of the plaintiff is not caused solely by the loss of use, if any, of the left leg?
"Answer: 'It was caused solely by the loss of use of the left leg,' or 'It was not caused solely by the loss of the use of the left leg.'"
*Third Requested Issue:* "Do you find from a preponderance of the evidence that the incapacity, if any, of the plaintiff is not caused solely by the loss of use, if any, of the left leg below the knee?

"Answer: 'It was caused solely by the loss of use of the left leg below the knee,' or 'It was not caused solely by the loss of the use of the left leg below the knee.'"

2. "SPECIAL ISSUE NO. 31: Do you find from a preponderance of the evidence that the injury of Joe Marmolejo was not confined to his left foot?
Answer: "'It was not confined to his left foot,' or 'It was confined to his left foot.'
"Answer: *It was not confined to his left foot.*
"In connection with the above issue you are instructed that all injuries below the knee are designated as injuries to the foot. You are further instructed that an injury is not limited to the foot if it is continuing and extends to and affects other members of the body."

knee. There was no pleading to support the submission of defendant's second requested issue, but the third requested issue is raised by an affirmative defensive plea as well as by the evidence and should have been given.

The judgments of the courts below are reversed, and the cause is remanded to the district court for a new trial.