**Fred SANCHEZ, Appellant,**

**v.**

**TEXAS GENERAL INDEMNITY COMPANY, Appellee.**

**No. 14364.**

Court of Civil Appeals of Texas.

San Antonio.

May 26, 1965.

Rehearing Denied June 30, 1965.

---

1. 2 Texas Law of Evidence, McCormick and Ray, 2nd Ed., Sec. 1406, is critical of this requirement.

Rudy Rice, James H. Brannon, San Antonio, for appellant.

Clemens, Knight, Weiss & Spencer, San Antonio, for appellee.

BARROW, Justice.

This is a workmen's compensation case. Appellant, Fred Sanchez, was injured on March 8, 1963, in the course of his employment for Roegelein Provision Company, when a heavy piece of pipe struck him on the right forearm and knocked him down. He alleged an injury to his right hand, arm, shoulder, neck, back and body generally, and that the injuries to his right hand and arm extended to and affected his shoulder, neck and body generally. Appellee, Texas General Indemnity Company, pleaded that appellant's only injury was to his right forearm below the elbow, that any incapacity was limited to that member and was caused solely by incapacity to the right forearm.

The jury returned a verdict that appellant was totally and permanently incapacitated as a result of this injury and that his incapacity was not limited to his right arm below the elbow. The jury found, however, that his incapacity was caused solely by the incapacity to his right arm below the elbow. Appellant did not seek any recovery for a specific injury to his arm, and a take-nothing judgment was entered on the jury's sole cause finding.

Appellant does not dispute that this was the proper judgment to enter on this finding under the holding of the Supreme Court in Texas General Indemnity Company v. Scott, 152 Tex. 1, 253 S.W.2d 651 (1952). Appellant asserts, however, that there was no evidence to support the submission of this sole cause issue or the jury's answer thereto, and, in the alternative, the finding is against the great weight and preponderance of the evidence. Although "no evidence and insufficient evidence" points require a different character of appellate review,[1] appellant's points are primarily based upon his premise that medical testimony is necessary to raise a fact issue that his general disability is solely caused by incapacity to his arm. Appellant bases this premise upon his construction of Texas Employers' Ins. Ass'n. v. Espinosa, 367 S. W.2d 667 (Tex.1963).[2]

It is our opinion that there is sufficient evidence from both medical and lay witnesses to raise the issue of whether appellant's incapacity was solely caused by the incapacity to his right arm. There is undisputed evidence that appellant received a specific injury to his right arm. Dr. Webb treated appellant following the accident, and testified that appellant gave a history of being struck on the right arm and had

1. Fisher Construction Co. v. Riggs, 160 Tex. 23, 325 S.W.2d 126 (1959).

2. It was there held that plaintiff's subjective complaints of pain, headaches and dizziness, following a cut in the left eye, did not constitute in themselves evidence of the extention of the specific injury so as to affect the body generally. It was therefore held that plaintiff failed to meet his burden of proving that the specific eye injury extended to and affected other portions of the body so as to result in a general injury.

no other complaints for some time thereafter.

The rule regarding extension of a specific injury to a general injury was recently restated by the Supreme Court in Travelers Ins. Co. v. Marmolejo, 383 S.W.2d 380 (1964), as follows:

"On the other hand we have stated several times that the claimant must allege, prove and secure a finding that the injury to the specific member extended to and affected other portions of the body. See Texas Employers' Ins. Ass'n v. Espinosa, Tex.Sup., 367 S.W.2d 667; Argonaut Ins. Co. v. Newman, Tex.Sup., 361 S.W.2d 871; Texas Employers' Ins. Ass'n v. Brownlee, 152 Tex. 247, 256 S.W.2d 76; Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463. It was held in Espinosa and Brownlee, moreover, that pain caused by an injury to a particular member and felt in another part of the body is not, of itself, sufficient to support a recovery for anything more than the original specific injury. Under our Workmen's Compensation Act as interpreted and applied in these cases, the plaintiff does not establish his right to a judgment for general disability by merely showing that a specific injury has affected the body generally and thereby caused incapacity. He must go further and obtain a finding that his incapacity was caused by an extension of the injury to some part of the body other than a specific member."

Dr. Murray, a psychiatrist, testified that appellant was suffering from a psychotic depressive reaction with conversion hysteria which was a direct result of the trauma sustained in this accident. Although Dr. Murray agreed that appellant still had pain in the arm, he said this was a symptom of the psychotic depressive reaction. Dr. Murray testified that this reaction was brought on because appellant feels that he is no longer able to work on account of the pain in his arm. Dr. Webb, a general surgeon, and Dr. Butler, an orthopedic surgeon, testified that they could find no cause for appellant's present complaints of pain in his arm.

Appellant testified that he had pain and numbness in his right arm at the time of the trial and was still unable to use it. He further testified that he couldn't lift his right arm and the arm was carried in an immobile position. Other lay witnesses testified that appellant was still having difficulty with his arm. The jury was not required to believe the medical witnesses that Sanchez had no incapacity in his arm. Muro v. Houston Fire & Casualty Ins. Co., Tex.Civ.App., 329 S.W.2d 326, wr.ref., n.r. e.; American General Ins. Co. v. Florez, 327 S.W.2d 643; 24 Tex.Jur.2d 42. The jury could conclude under this evidence that the incapacity to appellant's arm had resulted in a permanent inability to obtain and retain employment.

■ The evidence in this case, when reviewed in the manner required under the "no evidence" test, raises the issue of sole cause. Moreover, it is our opinion, after a careful examination of the entire statement of facts, that the jury's finding of sole cause is not so against the overwhelming weight of the evidence as to be clearly wrong or manifestly unjust.

The judgment is affirmed.