**CASUALTY RECIPROCAL EXCHANGE, Appellant,**

v.

**Josephine G. RODRIGUEZ et vir., Appellees.**

**No. 7712.**

Court of Civil Appeals of Texas.

Amarillo.

April 24, 1967.

Rehearing Denied May 29, 1967.

Crenshaw, Dupree & Milam, Lubbock, Joe Nagy and Cecil Kuhne, Lubbock, of counsel, for appellant.

Wagonseller & Cobb, Lubbock, Robert L. Stogner and Gene S. Cobb, Lubbock, of counsel, for appellees.

DENTON, Chief Justice.

This is a workmen's compensation case. Appellee, Josephine Rodriguez was injured on January 6, 1965 in the course of her employment for the City Steam Laundry in Lubbock, when a steam press came down upon her left hand and severely burned her fingers. She alleged an injury to the first, second, and third fingers of the left hand, to the entire hand and to the left arm above the elbow; and that the injuries to her left hand extended to and affected her left shoulder and neck. She sought only total and permanent general disability, and made no claim or disability from a specific injury. Appellant alleged that any incapacity suffered by plaintiff was temporary and partial and was caused solely by the loss of use of the three fingers on the left hand; that the injury was confined to the three fingers of the left hand or in the alternative, the injury was confined to the left arm.

In response to Special Issues, the jury found: (1) Plaintiff sustained an accidental injury to her left hand; (4) the injury to her left hand extended to and affected her left shoulder and neck, thereby causing disability to said shoulder and neck; (5) that Plaintiff suffered total incapacity; (6) that the injury to the left hand was a producing cause of the total incapacity; (8) that such total incapacity was temporary; (9) that the duration of the total incapacity was 156 weeks; (10) that Plaintiff will sustain partial incapacity; (13) that such partial incapacity will be permanent; (15) that Plaintiff's injury to the left hand will result in a total loss of use of said hand; (16) such loss will be temporary; (17) for 156 weeks; (18) that the injury to the hand will result in partial loss of use of the hand; (19) such partial loss will be permanent; (21) 20% partial loss of use will be suffered; (28–32) the injury or the effects thereof are not confined to the various fingers of the left hand, left arm below the elbow, and to her left arm; (33–37) that the incapacity of the Plaintiff is not caused solely by the loss of the use of the named fingers of the left hand, her left arm below the elbow, and her left arm. The parties stipulated that appellee's wage rate was $35.00 per week. Upon this verdict the trial court entered judgment for a general disability for total and temporary incapacity for 156 weeks and for partial permanent disability for 245 weeks.

 We first consider appellant's contention that the special issue inquiring if the injury to the left hand extended to and affected appellee's shoulder and neck is not supported by any evidence, and that such finding is against the great weight and preponderance of the evidence. It is uncontradicted appellee initially received a specific injury to the fingers of the left hand and the hand itself. Her claim here is for a general injury which she alleges resulted from the injury to the left hand extending to and affecting her left shoulder and neck. The burden of proving that the specific injury extended to and affected other portions of the body so as to result in a general injury rests upon the claimant. Texas Employers' Insurance Association v. Brownlee, 152 Tex. 247, 256 S.W. 2d 76. Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463. The only evidence in the record regarding the injury extending to the appellee's left shoulder and neck was testified to by the claimant herself. She testified she suffered pain in the neck and shoulder, and that this pain was caused by Dr. Lewis "sticking needles" into her neck to relieve the pain in her lower arm. Dr. Salem, the original treating doctor, described this procedure as a "stellate block". He explained the procedure as "simply a nerve block in the neck which blocks the nerve in an attempt to relieve the pain of the extremity". He found no

disability in the shoulder and neck. There is no evidence of injury to the shoulder or neck, nor is there any evidence the pain suffered in the fingers or hand was felt in the shoulder and neck. Even so, it would not be sufficient to support a recovery for anything more than the original specific injury. Texas Employers' Insurance Association v. Espinosa, Tex.Sup., 367 S.W.2d 667. Texas Employers' Insurance Association v. Brownlee (supra). We therefore are of the opinion there is no evidence to support the finding the specific injury to the hand extended to and affected other portions of the body so as to result in a general injury.

■ We think appellee's recovery for a general injury must be denied for another reason. The rule regarding the extension of a specific injury to a general injury was clearly restated by the Supreme Court in Travelers Insurance Company v. Marmolejo, 383 S.W.2d 380. There the court held:

> " * * * the plaintiff does not establish his right to a judgment for general disability by merely showing that a specific injury has affected the body generally and thereby caused incapacity. He must go further and obtain a finding that his incapacity was caused by an extension of the injury to some part of the body other than a specific member."

There was no such finding in the present case. There was a finding that the injury to the left hand was a producing cause to both appellee's total and partial disability. These findings support a recovery for a specific injury under Article 8306, Section 12, Vernon's Ann.Civ.St. They do not support a recovery for a general injury. In order to recover for a general injury, appellee must obtain a finding that the general injury or incapacity was caused by the extension of the specific injury to some other part of the body. See also Petty v. Texas Employers' Insurance Association

(Tex.Civ.App.) 401 S.W.2d 678 (Ref. N.R.E.). The findings of the jury are not sufficient to sustain appellee's burden to establish a general injury under the rule of the *Marmolejo* case.

■ Appellant also contends the "confinement" issues 28–32 were improperly submitted in that they inquired whether or not the injury *or* the effects thereof was not confined to the named fingers, the left hand, or left arm, instead of inquiring if such "injury" was not so confined, or whether or not the injury "and" effects thereof was not so confined. In support of this contention appellee relies on the *Marmolejo* case. While it is true that case held an issue inquiring whether the injury to plaintiff's foot "extended to or affected" other parts of the body, was improper; we do not think the same reasoning is applicable to the "confinement" issues. The inquiry here was whether the "injuries or the effects thereof" are not confined to the fingers or the hand. The suggested answers: "They are not confined" or "They are confined" contains the word "they" which has reference to both "injury" and "effects thereof". A "confinement" issue inquiring if the "injury of Joe Marmolejo was not confined to his left foot" was approved by implication in the *Marmolejo* case. While we think it better practice to form the "confinement" issues so as to inquire if the "effects of the injury" were not confined to a specific member, the issues as framed here, together with their form of suggested answers, do not constitute reversible error. See Stayton's Texas Forms, Workmen's Compensation, Section 7007.

Other points of error deal with the admissibility of certain testimony and objections to appellee's counsel's oral argument. A review of these points reveal no reversible error.

The judgment of the trial court is reversed and the cause is remanded for a new trial.