The TRAVELERS INSURANCE COMPANY, Appellant,

v.

W. R. BOYDSTUN, Appellee.

No. 5850.

Court of Civil Appeals of Texas.

El Paso.

June 28, 1967.

Rehearing Denied July 26, 1967.

Stubbeman, McRae, Sealy & Laughlin, Milton L. Bankston, Midland, for appellant.

G. Bert Smith, Jr., Andrews, for appellee.

OPINION

PRESLAR, Justice.

This is a workman's compensation suit arising from an injury received by appellee, W. R. Boydstun, on May 21, 1964, when he lost one and one-half joints of his right ring finger. The case was tried before a jury, submitted on special issues, and judgment was rendered by the trial court for 25% permanent partial loss of use of the right hand. Appellant, The Travelers Insurance Company, contends that the judgment should be reversed and modified to award benefits limited to 85% permanent partial loss of use of appellee's right ring finger. We agree that the findings of the jury require such a judgment.

Appellee's injury was caused when, in the process of putting belts on a pumping unit, he got his finger caught under the belt, and it was severed between the first and second joints. This was his right ring finger, and the jury found that he suffered an 85% permanent partial loss of use of such finger; that such injury extended to or affected his right hand to the extent of a 25% loss of use thereof. By its answer to Special Issue No. 17, the jury found that the injury to the finger, or the effects thereof, are not confined to the finger. By Issue No. 18, it was found that the incapacity of appellee was solely caused by the loss of use of the finger. We deem this finding to be fatal to that portion of the judgment awarding benefits for loss of use of the hand.

Appellant pleaded that the incapacity of the appellee was caused solely by the loss of use of appellee's right ring finger and the jury so found, and such finding is unchallenged as to its correctness, so that appellant is entitled to a judgment limiting the benefits awarded to the loss of use of the finger. Such is the proper judgment to be entered in this case under the holding of the Supreme Court in Texas General Indemnity Company v. Scott, 152 Tex. 1, 253 S.W.2d 651 (1952). The controlling rule of law has recently been restated in Sanchez v. Texas General Indemnity Company, 392 S.W.2d 222, err. ref., n. r. e. (1965), as follows:

"The rule regarding extension of a specific injury to a general injury was recently restated by the Supreme Court in Travelers Ins. Co. v. Marmolejo, 383 S.W.2d 380 (1964), as follows:

"'On the other hand we have stated several times that the claimant must allege, prove and secure a finding that the injury to the specific member extended to and affected other portions of the body. See Texas Employers'

Ins. Ass'n v. Espinosa, Tex.Sup., 367 S.W.2d 667; Argonaut Ins. Co. v. Newman, Tex.Sup., 361 S.W.2d 871; Texas Employers' Ins. Ass'n v. Brownlee, 152 Tex. 247, 256 S.W.2d 76; Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463. It was held in Espinosa and Brownlee, moreover, that pain caused by an injury to a particular member and felt in another part of the body is not, of itself, sufficient to support a recovery for anything more than the original specific injury. Under Workmen's Compensation Act as interpreted and applied in these cases, the plaintiff does not establish his right to a judgment for general disability by merely showing that a specific injury has affected the body generally and thereby caused incapacity. He must go further and obtain a finding that his incapacity was caused by an extension of the injury to some part of the body other than a specific member.'"

The reason for the rule is well set forth in the Brownlee case above cited by the court.

This determination of the case makes it unnecessary to pass on the other points of error presented.

The portion of the trial court's judgment which awards benefits for loss of the use of the hand is reversed, and the trial court is instructed to enter judgment for appellee of compensation for 85% permanent partial loss of use of his right ring finger, less such payments as may have been made by appellant. The record before us is not complete as to such payments, so that we are unable to render judgment. Costs in the trial court are taxed against appellant, and costs of this appeal are taxed against appellee.