**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**R. L. WILSON, Appellee.**

**No. 8444.**

Court of Civil Appeals of Texas, Amarillo.

Aug. 22, 1974.

Rehearing Denied Sept. 23, 1974.

Nelson, Sherrod, Carter & Oldham, Stan Carter, Wichita Falls, for appellant.

Kearby Peery, Wichita Falls, for appellee.

ELLIS, Chief Justice.

In this workman's compensation case, the plaintiff, R. L. Wilson, who had lost his right eye in the course of his employment sought recovery for total and permanent disability on the theory that his health generally has been affected. The trial court awarded a judgment against the defendant, Texas Employers Insurance Association, for a general injury resulting in temporary total disability for 85 weeks and permanent partial disability. Reversed and remanded.

Plaintiff, while working as a driller on an oil rig, was struck in the right eyeball by half a link of chain. The injury re-

sulted in surgery to remove the eye. Defendant admits a specific injury and liability for 100 weeks under Article 8306, Section 12, Vernon's Ann.Civ.St. However, plaintiff alleged in his amended original petition that the trauma, the surgery and resulting nervousness has been such that he has developed a traumatic neurosis which has affected his general health and this affection of his general health was brought about by the injury and its effects extending to his body as a whole. Defendant answered by alleging that plaintiff's disability, if any, is limited solely to his right eye and that any disability is caused solely by his use or attempted use of his right eye. The case was tried before a jury and submitted upon twelve special issues.

In response to the special issues submitted, the jury found: (1) plaintiff's disability is not limited solely to the loss of his right eye; (2) the damage or harm resulting from the injury did not extend to and affect the plaintiff's body generally; (3) plaintiff did not sustain any total disability; (4) the extension of the damage or harm was not a producing cause of total disability; (5) that such total disability was temporary; (6) beginning on December 29, 1970, and (7) of a duration of 85 weeks; (8) plaintiff sustained or will sustain a partial disability, and that (9) the extension of the damage or harm inquired about in issue no. 2 was a producing cause and (10) such partial disability was permanent; (11) causing a reduction in weekly earning capacity of $78.90 per week (12) from August 2, 1972. Defendant filed and submitted a motion for judgment based on the jury's answer to special issue number 2 and a motion to disregard the answers to special issue numbers 5, 6, 7 and 9. The trial court apparently disregarded the jury's findings in response to special issue no. 2 and entered judgment for plaintiff in the sum of $12,560.15. Both parties filed motions for new trial which were overruled directly or by operation of law. The defendant perfected its appeal from such judgment.

Defendant contends by ten points of error that the trial court erred by failing to enter judgment limiting the plaintiff's recovery to the loss of the eye. Plaintiff seeks to sustain the judgment of the trial court by contending that the undisputed evidence is such to show that his general health had been affected causing disability; therefore, issue no. 2 was immaterial and properly disregarded. In the alternative, plaintiff seeks a remand for a new trial by three cross-assignments of error, contending that (1) the answer to issue number 2 is not supported by any evidence, (2) or is against the great weight and preponderance of the evidence, or (3) that the answers to special issues nos. 1 and 2 are in conflict.

Defendant stipulated that plaintiff suffered a specific injury, the loss of the right eye, for which he is entitled to compensation. It is undisputed that the piece of chain struck the eyeball only and that there was no further injury or damage caused by the immediate accident. However, it is further undisputed that from the approximate time of the accident plaintiff has suffered an anxiety state manifested by unintentional tremors.

Plaintiff testified that prior to the accident he was not abnormally nervous; however, since the accident he has been extremely nervous and shakes so badly that he can hardly read a newspaper, cannot hold a screw with one hand in order to start it with a screwdriver, cannot write legibly, cannot hold a cup of coffee, that his hands and neck visibly shake and when he works or strains he trembles all over. He further stated that he was taking medication for this condition, and that such medication enabled him to relax after sitting down. Marie Wilson, plaintiff's wife, also testified that when plaintiff would work for an hour or so he would become extremely nervous, perspire heavily and was in a weakened condition. Further, she stated that when he tried to do anything, his head and neck would shake.

In addition to the plaintiff and his wife, three doctors testified by deposition as to

the condition of the plaintiff. Dr. Merlin L. Shriver, an osteopath general practitioner testified that plaintiff suffered from generalized nonintentional tremors which were attributable to the accident, and his diagnosis was an anxiety reaction. However, he felt that the condition was not permanent and that it could be helped by possible shock treatments, psychotherapy or heavier tranquilization.

Dr. O. J. Hagg, a general practice medical doctor, testified that the plaintiff suffered a physical injury to the eye and to the nervous system which triggered an emotional reaction which was permanent; that the injury was not limited solely to the eye but extended to and affected the body generally, and that the central nervous system was affected. However, Dr. Hagg's testimony in a previous trial on the same matter was read into the record which reflected testimony to the effect that plaintiff was suffering from an anxiety reaction without damage to the central nervous system.

Dr. Charles H. Brown, a psychiatrist, testified that his examination of the plaintiff revealed an anxiety reaction which was not psychotic. Further, he stated that plaintiff's background, his work, the impairment of his vision, and his future anticipation of work-ability because of the loss of the eye were all contributory to the anxiety state and that it would be impossible to assign any one thing as a basis for the condition. He testified that the impending litigation, fear of moving objects on the blind side, and plaintiff's age are all factors contributing to the anxiety state. Further, Dr. Brown testified that the tremors are a reaction of his body toward the anxiety and that the mind was not affected. However, he did state that the central nervous system had been affected by the anxiety reaction but that the general health had not been affected. In addition, he stated that the removal of any of the contributing factors such as the litigation would lessen the anxiety state.

Where an injury results to a particular member of the body, compensation for the loss is specifically provided by Article 8306, Section 12, V.A.C.S. Therefore, the liability of the insurer is limited to the amount so provided even though the loss of an injury to that particular member actually results in total permanent incapacity of the employee. However, if the employee alleges and proves that the injury to the particular member also extended to and affected other portions of his body or impaired his general health to such an extent as to totally and permanently incapacitate him, he then can recover under Article 8306, Section 10, V.A.C.S. Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463 (1943). It is incumbent upon the plaintiff to allege, prove, and secure a finding that the injury to the specific member extended to and affected other portions of the body in order to recover for anything more than the specific injury. Travelers Insurance Company v. Marmolejo, 383 S.W.2d 380, (Tex.1964). Mere proof of the undesirable consequences, or the painful aftermath of a specific injury is insufficient in law to show an extension of the specific injury. Texas Employers' Insurance Association v. Espinosa, 367 S. W.2d 667 (Tex.1963). Nor is the disability caused by the use or attempted use of the specifc member sufficient to show an extension. Coleman v. Hartford Accident & Indemnity Co., 297 S.W.2d 236 (Tex. Civ.App.—Fort Worth 1957, writ ref'd). Also, see Texas Employers' Insurance Association v. Espinosa, supra.

The plaintiff, in order to be entitled to judgment for general injury, must not only show that the specific injury has affected the body generally and thereby caused incapacity, but he must also secure a finding that his incapacity was caused by an extension of the injury to some part of the body other than a specific member. Travelers Insurance Company v. Marmolejo, supra. In the instant case, plaintiff obtained a favorable answer to the defensive issue of confinement, special issue no. 1,

i.e., that the disability was not limited to the loss of the right eye. Such answer must necessarily imply that disability of plaintiff results from something more than the loss of the right eye. It is undisputed that the accident itself did not injure other portions of the body and the eye is not a part of a larger specific member encompassed by Section 12 of Article 8306, V.A.C.S.; therefore, by necessary implication, the disability must be regarded as general. However, the jury found, by its response to special issue no. 2 that the damage or harm suffered by plaintiff as a result of the injury did not extend to and affect the plaintiff's body generally thereby causing incapacity to the body as a whole.

Since liability for the specific injury, the loss of the eye, has been stipulated, the ultimate question here presented is whether or not the plaintiff is entitled to recover for a general injury on the theory that such specific injury and its effect extended to and affected parts of the body other than the eye. If from the special issues submitted and the jury's answers thereto, a conflict appears in the jury's responses such as to preclude a factual determination on this vital question, justice demands that the cause be remanded for a clear and unequivocal answer as to whether the disability was to the plaintiff's body generally or was limited solely to his eye.

■ both plaintiff and defendant are entitled to have their controlling issues submitted when raised by the pleadings and the evidence: Issue no. 1 inquiring as to the defensive issue of confinement, Travelers Insurance Company v. Marmolejo, supra, which in this instance was answered favorably to the plaintiff, and issue no. 2 inquiring as to extension and effect, Consolidated Underwriters v. Langley, supra, which here was answered in favor of the defendant. Both issues are controlling issues and neither of the answers can be disregarded in order to render judgment for either party.

The defendant seeks the rendition of judgment in its favor on the basis of the jury's answer to special issue no. 2 to the

effect that the injury did not extend to and affect the plaintiff's body generally. In this instance such rendition cannot be justified because of the apparent conflict of the above finding with the jury's response to special issue no. 1 to the effect that the injury *was not limited to the eye.*

The judgment rendered in favor of plaintiff is based primarily upon the jury's finding in response to special issue no. 1 and by disregarding the jury's finding to special issue no. 2, to the effect that the injury did not affect the plaintiff's body generally. However, the record shows a conflict in the evidence as to whether the injury and its effects have affected the general health of the plaintiff. Dr. Hagg testified that the central nervous system had been affected as well as plaintiff's general health, while Dr. Brown testified that the general health had not been affected. The weight and credibility of the testimony of the witness, whether expert or lay, was for the jury's determination. It is our opinion that there is some evidence of probative force to support the jury's answer to special issue no. 2, and after a careful review of all the evidence, we have determined that such answer is not against the great weight and preponderance of the evidence. Thus, we hold that the jury's answer to special issue no. 2 cannot properly be disregarded, and thus, appellee's cross-assignments nos. 1 and 2 regarding the lack of evidentiary support for the jury's answer to special issue no. 2 are overruled. However, such answer to special issue no. 2 is in conflict with the jury's answer to special issue no. 1.

■ In our opinion the answers to the two controlling special issues are in such a conflict that judgment cannot be rendered. The answer to the jury's response to issue no. 1 creates a cause of action for recovery for a general injury and its response to issue no. 2 destroys such action; therefore, a factual conflict exists. Little Rock Furniture Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949).

In view of the foregoing, appellee's cross assignment no. 3 to the effect that there is

a fatal conflict in the issues precluding the rendition of judgment for either party is sustained. We hold, therefore, that the judgment rendered for plaintiff cannot be sustained; that judgment cannot be rendered for defendant; and that the cause should be reversed and remanded to the trial court for a new trial. This holding pretermits our reaching specifically each of the appellant's first five points complaining of the judgment rendered against it on the basis that the court erred in not limiting recovery to the plaintiff's eye injury and in disregarding the jury's finding that the injury did not extend to and affect the plaintiff's body generally. Also, our holding that the conflict in the jury's answers precludes rendition of judgment for either party pretermits our consideration of appellant's points 5–10 dealing with the type and duration of the disability. In the event of a re-trial of the cause it does not appear likely that the answers to such ancillary issues as may be properly submitted should be inconsistent with a clear resolution of the conflict in the controlling issues.

For the reasons above stated, the judgment of the trial court is reversed and remanded.