George MORALES, Appellant,

v.

TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.

No. 12600.

Court of Civil Appeals of Texas, Austin.

July 20, 1977.

Rehearing Denied Aug. 10, 1977.

John E. Serna, Southers, Goldberg & Lyons, Inc., San Antonio, for appellant.

Joan Burklin, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

SHANNON, Justice.

This is a workmen's compensation appeal in which the issue concerns construction of the workmen's pleading of injury. George Morales is appellant, and Texas Employers Insurance Company is appellee. After trial to a jury, the district court of Travis County entered a take nothing judgment. We will reverse that judgment.

The case was submitted to the jury by fourteen special issues. Appellee objected to the submission of special issues six through fourteen. Those issues submitted inquiry as to a specific injury to Morales' right knee. The basis for appellee's objection was that Morales pleaded only a general injury, and not a specific injury. The district court overruled appellee's objection and submitted the specific injury issues to the jury.

The answers to the court's charge are summarized as follows. The jury failed to find that Morales sustained an injury to his back on January 14, 1975. The jury answered appellee's defensive issue that the injury sustained by Morales on January 14, 1975 was confined to his right knee. By their responses to special issues six through fourteen, the jury found that the injury to Morales' right knee was the producing cause of a temporary total loss of use of his right leg for a period of twenty-one weeks and that the knee injury was the producing cause of a permanent partial loss of use of Morales' right leg beginning June 11, 1975. Finally, the jury answered that Morales sustained a thirty-five per cent loss of use of his right leg.

Morales moved for judgment based upon the jury's answers to special issues six through fourteen. The district court overruled the motion and instead, entered judgment that Morales take nothing. By entering the take nothing judgment, the district court necessarily concluded that it should have sustained appellee's objection to the submission of special issues six through fourteen for the reason that Morales failed to plead a specific injury.

The task before this Court involves an examination of Morales' petition. If Morales pleaded specific injury, he was entitled to judgment, and the judgment of the district court will be reversed.' If Morales did not plead specific injury the district court correctly entered judgment for appellee.

Morales' pleading is set out below.

"Because Plaintiff has not had medical training, Plaintiff is unable to describe his injuries in exact medical language, and thus Plaintiff says that in regard to his injuries, Plaintiff was injured in the course of his employment when a ditch caved in, causing him to fall backwards and covering his knees, injuring his right knee, back and general health and resulting in imbalance of the back from limping on the knee, causing or contributing to cause incapacity to work, and loss of the use of the leg, concurrently, for an amount of compensation in excess of $1,000.00."

■ Appellee claims that Morales' pleading alleges no more than that the injury to the right knee extended to or affected other parts of the body, thereby resulting in a general injury. Appellee then urges, correctly so, that specific injury must be pleaded before the workman is entitled to a submission of specific injury. *Banks v. Mil-*

*lers Mutual Fire Ins. Co. of Texas,* 476 S.W.2d 768 (Tex.Civ.App.1972, no writ).

Generally, pleadings will be construed in favor of the pleader. The court will look to the pleader's intendment and the pleadings will be sustained even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can be inferred reasonably from what was stated. *Gulf, Colorado & Sante Fe Railway Co. v. Bliss,* 368 S.W.2d 594 (Tex.1963), *Smith v. Ortman-McCain Co.,* 437 S.W.2d 515 (Tex.Civ.App.1976, writ ref'd n. r. e.).

We have quoted from Morales' petition. Although the quoted material from the petition is hardly a model plea, we are of the opinion that, in the absence of special exceptions, Morales pleaded specific injury to the right knee.

The judgment is reversed and the cause is remanded to the district court for entry of judgment for Morales in the sum as computed upon the basis of the answers of the jury less the amount of compensation previously paid by appellee and for the allowance of attorney's fees.