**104**

HARTFORD ACCIDENT & INDEMNITY COMPANY and/or New York Underwriters Insurance Company, Appellant,

v.

Leonard T. LUCAS, Appellee.

No. 989.

Court of Civil Appeals of Texas, Tyler.

Sept. 1, 1977.

William D. Perkins, Lufkin, for appellant.

F. P. Granberry, Granberry & Hines, Crockett, for appellee.

DUNAGAN, Justice.

This is a workmen's compensation case wherein the trial court rendered and entered a judgment on the jury verdict awarding appellee total and permanent disability benefits as the result of an injury received while in appellant's employment. We have heretofore held in this case that there was no evidence of probative force to support the jury's finding that the injury sustained was the producing cause of any total incapacity. 547 S.W.2d 386. The Supreme Court granted a writ of error and subsequently held that there was some evidence to support said finding of the jury and remanded the case so this court may pass on appellant's points attacking the "insufficiency of the evidence" to support the verdict and that "the findings were against the great weight and preponderance of the evidence." 552 S.W.2d 796.

In this case, the only evidence to support the jury's affirmative finding to Special Issue No. 1 comes from Dr. Nathan W. Caldwell. It is, thus, our duty to ". . . consider only the evidence which supports the finding . . ." to determine if ". . . the finding is so uncertain, inconsistent, improbable, or unbelievable that, although constituting some evidence of probable force when considered in its most favorable light in support of the finding, it would nevertheless be clearly unjust to permit the judgment to stand . . .." Calvert, "Insufficient Evidence Points of Error", 38 Texas L.Review 361, 367; See "The Question of Insufficient Evidence on Appeal", 30 Texas L.Review 803; and In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952).

We so find.

Dr. Caldwell who testified on behalf of the appellee was the only medical witness. Essentially all the testimony as to the causal connection between the injury and the thrombophlebitis was given by Dr. Caldwell. Appellant did not offer any evidence. Dr. Caldwell's testimony as to the causal connection between the injury in question and the thrombophlebitis, which allegedly was the producing cause of appellee's total incapacity, is couched in such terms of "I think" or "I think probably", "I thought", "possible", "who knows", and "it can".

The facts are set out more fully in opinions of this court in 547 S.W.2d 386 and the Supreme Court in 552 S.W.2d 796.

"We are well aware of the often cited rule that in workmen's compensation cases, the Workmen's Compensation Act will be liberally construed. Nevertheless, in a workmen's compensation case, the same as in a negligence case or a malpractice case, the burden of proof remains on the plaintiff to prove his case by a preponderance of the evidence." *American Surety Company v. Semmons*, 413 S.W.2d 732, 737 (Tex.Civ. App.—Tyler 1967; writ ref'd n. r. e.).

We have again carefully considered Dr. Caldwell's testimony in its entirety, as well as the record as a whole, as we are required to do, and in our opinion the evidence is "factually insufficient" to support the jury's answer to Special Issue No. 1.[1]

The judgment is reversed and the cause is remanded to the trial court for a new trial.

Reversed and remanded.

---

[1] "SPECIAL ISSUE NO. 1: Do you find from a preponderance of the evidence that the injury sustained on or about August 24, 1974, was a producing cause of any total incapacity? "ANSWER: We do."