**NORTH RIVER INSURANCE COMPANY, Appellant,**

v.

**Armando H. GOMEZ, Appellee.**

**No. 1530.**

Court of Appeals of Texas, Tyler.

April 22, 1982.

On May 6, 1982 Parties Filed a Motion to Reverse and Remand for Entry of Settlement Agreement which the Court Granted.

Gene Caldwell, Saunders, Caldwell, Schmidt & Echols, Tyler, for appellant.

Bill D. Rosenstein, Stephens, Corn & Rosenstein, Tyler, for appellee.

McKAY, Justice.

This is a worker's compensation case in which Armando H. Gomez, appellee, brought suit against North River Insurance Company, appellant, for compensation. Af-

ter trial before a jury, judgment was rendered for appellee in the amount of $28,-331.45 for 202 weeks accrued compensation and 159 weeks compensation plus interest.

Appellee alleged that as an employee of Tyler Pipe Industries he "sustained damage or harm to the physical structure of the body as the result of repetitious physical traumatic activities extending over a period of time, while in the course and scope of his employment, to-wit: Chronic Phlebitis in both legs. As a result of said damage or harm to the physical structure of the body occurring as the result of repetitious physical traumatic activities, Plaintiff [appellee] is unable to do the usual and customary tasks of a workman in such a way as to enable him to get and keep employment doing such work and in all reasonable medical probability he will not be able to do such work for a period of Four Hundred One (401) weeks or more . . . ."

After generally denying appellee's petition appellant alleged that any disability of appellee was not caused by any accidental injury, but his condition was produced, caused or brought about solely by disease or other natural causes or bodily infirmity and such condition is wholly unrelated to such claim of alleged injury and therefore disconnected with his work as an employee of Tyler Pipe Industries. Appellant further pled that any injury was temporary and partial, and that if there was any total disability it was temporary.

The jury found, in part, as follows: (1) that appellee received an injury on or about January 1, 1977; (2) that it was in the course of his employment by Tyler Pipe Industries; (3) that Tyler Pipe had notice within 30 days; (4) that such injury was a producing cause of total incapacity; (5) that began January 1, 1977, and (6) was permanent; (13) that appellee had incapacity from varicose veins; (14) that the injury was aggravated, prolonged, accelerated, or contributed to by the incapacity resulting from such varicose veins; (15) that the percentage of incapacity contributed by varicose veins was 10%, and by the injury 90%; and (18) that his average weekly wage was $195.00.

In appellant's first point the complaint is made that the trial court erred in submitting the charge to the jury on the basis of a general injury rather than as a specific injury as plead by appellee.

Appellant objected and excepted to issue 4 of the charge on the ground that such issue "amounts to a charge as to general injury," that the pleadings did not support the submission of the case as a general injury, and that appellee plead an injury to his legs but did not plead nor prove that the leg injury extended to and affected other parts of his body. These same complaints were made in appellant's amended motion for new trial.

Appellee did not allege that the injury or occupational disease to his legs extended to and affected other portions of his body or has impaired his general health to such an extent as to totally and permanently incapacitate him. Had he done so (and it is the better practice) there would be no question that he pled a general injury. He did plead that he is unable to do the usual tasks of a workman so as to get and keep employment and that his condition would probably extend for a period of 401 weeks. There were no exceptions to appellee's pleading, and we hold the pleading sufficient to allege total incapacity.

*Texas Employer's Insurance Association v. Mallard*, 143 Tex. 77, 182 S.W.2d 1000, 1001 (1944) holds that the standard definition of "total incapacity" (or total disability) is that "a person is disqualified from performing the usual tasks of a workman, in such a way as to enable him to procure and retain employment. . . ."

As a general rule the petition should be construed as favorably for the pleader as possible and the court will look to what the pleader intended; the pleading will be upheld even if some element of a cause of action has not been specifically alleged. *Gulf, Colorado & Santa Fe Railway Co.*, 368 S.W.2d 594, 599 (Tex.1963); *Morales v. Texas Employers Insurance Association*, 554 S.W.2d 51, 53 (Tex.Civ.App.—Austin 1977,

no writ). We overrule appellant's first point.

Appellant's points two and three complain that there is no evidence, or insufficient evidence, of general injury. When a claimant contends that a specific injury has caused general incapacity or disability he "must allege, prove and secure a finding that the injury to the specific member extended to and affected other portions of the body." *The Travelers Insurance Co. v. Marmolejo*, 383 S.W.2d 380, 381–82 (Tex. 1964). The same conclusion is reached in *Texas Employers Insurance Association v. Wilson*, 522 S.W.2d 192, 194 (Tex.1975), and cases cited therein.

In reviewing the record one may conclude that there is more than a scintilla of evidence that the occupational disease or injury to appellee's legs extended to and affected other parts of his body since appellee testified that he occasionally had chills and fever as a result of the phlebitis; however, the medical witness, Dr. Duncan, confined his testimony to appellee's physical condition "in his lower limbs," and there is no medical evidence that appellee's disability in his legs extended to and affected his body generally.

Ordinarily, proof of causation that an injury to a specific member extends to and affects the body generally must be supported by expert medical testimony. *Western Cas. & Sur. Co. v. Gonzales*, 518 S.W.2d 524, 525–27 (Tex.1975). *See Hartford Acc. & Indem. Co. v. Lucas*, 547 S.W.2d 386, 390 (Tex.Civ.App.—Tyler) *rev'd on other grounds*, 552 S.W.2d 796 (Tex.1977); *opinion on remand*, 556 S.W.2d 104 (Tex. Civ.App.); *Illinois Employers Ins. of Wausau v. Wilson*, 620 S.W.2d 169, 172–73 (Tex. Civ.App.—Tyler 1981, writ ref'd n.r.e.). We hold there is no evidence that the injury to appellee's legs extended to and affected his body generally because appellee's testimony as a layman is not of probative value upon this issue, and the doctor's testimony wholly fails to address it. Thus, there is no evidence upon which the jury could conclude appellee was totally incapacitated.

There is, however, evidence in the record that appellee suffered an occupational disease or injury to his legs. Such evidence comes from appellee and the medical expert. In our view the case was tried on the wrong theory, i.e., that appellee suffered a general injury when the record discloses that his injury or incapacity resulted from a specific injury or occupational disease to a specific member. We reverse the trial court's judgment, and in the interest of justice, remand the cause.

Judgment of the trial court is reversed, and the cause is remanded.

MOORE, J., not sitting.